ROBERT W. WOODRUFF & others *vs.* JAMES F. HILL & another.

Suffolk.   November 11. — 23, 1874.   WELLS & DEVENS, JJ., absent.

Where a negotiable promissory note, made in this Commonwealth and payable here, is indorsed in another state, the liability of the maker to the indorsee is determined by the law of this Commonwealth.

It is no defence to an action by an indorsee against the maker of a negotiable promissory note made in this state and payable here, that the indorsee received the note from the payee in satisfaction of a preëxisting debt, and that the note was delivered by the maker to the payee without consideration, and under an agreement that he should only use it to raise money by pledging it as collateral security to his own debt.

CONTRACT upon a promissory note for $1352.70. At the trial in the Superior Court, before *Putnam*, J., the plaintiffs offered evidence tending to prove that the defendants made the note, and that the payees indorsed it before maturity to the plaintiffs, who paid to the payees at the time of the indorsement, and as the consideration therefor, $699.48 in cash, and credited the payees with $629.55, in payment of a preëxisting debt due from them to the plaintiffs, the balance of said note amounting to $23.67, being charged and allowed for interest. The payees of the note and the plaintiffs are residents of New York, and the indorsement was made in that state. The defendants are residents of Boston, in this Commonwealth, and the note was made and was payable in Boston.

The defendants offered to prove that by the law of New York the plaintiffs, upon the above evidence, were not *bonâ fide* holders for value except as to the amount of the money paid by them to the payees at the time of the indorsement; that the note was given by them without consideration to the payees, they agreeing not to use the same except as collateral to their own note, to raise money upon; and that, as between them and the payees, the transfer of the note to the plaintiffs was fraudulent. The defendants did not contend that the plaintiffs had any knowledge of the want of consideration of the note, or of the purpose for which it was given.

The judge ruled that the facts offered by the defendants would not, if proved, constitute a defence, and that the law of this Commonwealth and not the law of New York governed, and instructed the jury to return a verdict for the plaintiffs for the whole amount of the note. The defendants alleged exceptions.

*A. A. Ranney*, for the defendants.

*H. J. Boardman & C. Blodgett*, for the plaintiffs.

GRAY, C. J. The note was made in Massachusetts, and the contract of the makers with the payees and with any indorsee thereof was to be performed here, and governed by our law. Story Confl. Laws, §§ 317, 344, 345. By that law, the facts offered to be proved at the trial constituted no defence. *Blanchard* v. *Stevens*, 3 Cush. 162.    *Exceptions overruled.*