MARTIN BOICE *vs.* HOWARD V. BOICE.

December 27, 1880.

**Chattel Mortgage—Law impairing Obligation of Contract.**—The right of a chattel mortgagee, under a clause in his mortgage, to take possession of and sell the mortgaged property, in case he shall at any time deem himself insecure, is a contract right, and therefore not to be impaired by subsequent legislation, like Laws 1879, *c.* 65, § 2.

Evidence *held* sufficient to support the findings in this case.

Replevin for two mares, taken from plaintiff's possession by defendant as mortgagee in a chattel mortgage. A jury was waived, and the cause set for trial by *Farmer,* J., on June 4, 1880, the fourth day of the term of the district court for Fillmore county. On that day the cause was not reached, (the court being engaged in trying another action,) but was brought on for trial on the following day. On that day the attorney of record for plaintiff was not present, and, without making affidavit for a postponement of the trial, plaintiff employed other counsel, and the cause was tried and submitted. A decision having been filed, and judgment ordered for defendant, plaintiff moved for a new trial, on the affidavit of his attorney of record, stating that on the evening of June 4th such attorney returned from Preston (where the court was held) to his home at Lanesboro, a distance of eight miles, as was his custom when attending the term of court, owing to the difficulty in obtaining suitable lodging at Preston; that on the night of the 4th and morning of the 5th, the country about Preston and Lanesboro was visited by a violent storm, which caused the streams to overflow, whereby bridges were carried away and the roads (including the railroads) between Lanesboro and Preston were rendered impassable, and the attorney was unable to reach Preston or attend the trial. The affidavit further stated that the counsel who appeared for plaintiff had not the opportunity to acquire the full knowledge of the facts and circumstances surrounding the case,

without which it could not be intelligently tried or fairly decided, and that the affiant has discovered from the reporter's minutes of the trial that the main facts necessary to be established on the part of the plaintiff, in order to make applicable the legal points principally relied on, were not proved, nor was any evidence given thereon. The affidavit did not state what the facts were which were thus left unproved, nor the evidence by which they could have been proved. The motion was denied, the court holding, on consideration of the affidavit and the evidence given at the trial, that the real issue in the case was whether a certain land-contract was given in satisfaction of the mortgage, or merely as collateral security; that as both plaintiff and defendant testified to and fully disclosed the whole transaction between them, and Mr. Colburn, the only other person present when their agreement was made, also testified clearly in corroboration of the testimony of the defendant, and as the chattel mortgage was not satisfied nor any indorsements made upon it, there was no likelihood that the strong preponderance of evidence in favor of defendant could be overcome if a new trial should be granted. Judgment was accordingly entered for the defendant, and the plaintiff appealed.

*E. N. Donaldson*, for appellant.

*N. P. Colburn*, for respondent.

BERRY, J. The plaintiff's application for a postponement of the trial of this action was addressed to the discretion of the district court. So far as the motion for a new trial was based upon the refusal to grant this application, and the alleged consequences of the same, we think, without entering into details, that the district judge assigns very satisfactory reasons why a new trial should not be granted. As to the merits, the court was amply justified by the evidence, especially by the testimony of Mr. Colburn, in finding that the so-called land agreement was merely an additional security for the debt covered by the chattel mortgage, and was not intended to operate as a release of the mortgage, or to affect

the defendant's rights thereunder. If this is so, it follows that the land agreement did not, as plaintiff's counsel contends, "merge or extinguish" the mortgage, or extend the time of its payment.

The chattel mortgage contains a clause authorizing the mortgagee to take possession of the mortgaged property and sell it in case he "shall at any time deem himself insecure." This is the clause under which the defendant, the mortgagee, claims in his answer to have taken the property. The clause conferred a valid authority, and there is testimony in the case reasonably tending to show that defendant acted under it in taking the property, and therefore to sustain the finding that it was taken under and by virtue of the mortgage. The right of the mortgagee under this clause, being a contract right, could not be impaired by legislation subsequent to the execution of the mortgage. For this reason, if for no other, it is not affected by Laws 1879, *c.* 65, § 2, cited by plaintiff.* It would also seem that there was evidence going to show that of the amount secured by the mortgage at least one year's interest of the principal debt was due and unpaid at the time when the property was taken by the defendant, so that, to that extent, there was a default in the performance of the conditions of the mortgage, upon the occurrence of which the mortgagee was authorized, as is usual, to seize and foreclose.

Judgment affirmed.

*This act is entitled "An act in relation to chattel mortgages," and section 2 reads as follows : " No mortgagee, nor any one claiming under him, shall have any right arbitrary or without just cause based upon the actual existence of facts, to declare any of the conditions or stipulations of a mortgage broken prior to the time of default in the payment of such mortgage, or prior to the time when the conditions of such mortgage should be performed."—[REPORTER.