## GILMAN BROS. *v.* STEVENS.

Whether a time note given in this state by a New Hampshire debtor to a Massachusetts creditor has the effect of payment *pro tanto*, is to be determined by the law of New Hampshire.

ASSUMPSIT upon an account. Facts found by the court. The defendant was defaulted, and the defence was made by subsequent attaching creditors. .

September 6, 1883, the defendant was indebted to the plaintiffs in the sum of $822.37 upon account, for goods sold to him in Boston. On that day Burr, the plaintiffs' traveller, called upon the defendant for money on account. The defendant was unable to pay, but offered his notes, amounting to $500, payable to the plaintiffs, $200 in fourteen, $150 in thirty, and $150 in forty-five days. Burr had no authority to accept notes, but received and forwarded them to the plaintiffs in Boston, who on September 12 procured them to be discounted. September 14 this suit was commenced. September 17 the defending creditors began their suits. After September 17 the plaintiffs paid to the bank the amount of the notes, took them up, and at the trial produced and offered them to the defendant.

There was no agreement or mutual understanding that the notes were or were not given and received in payment of the account *pro tanto*. There was evidence tending to show, and it is found, by the law of Massachusetts, that a promissory note constitutes payment of a preëxisting debt for which it is given, in the absence of any stipulation on the subject. The plaintiffs did not intend to extend the time for the payment of the account, and did not do so, unless such extension results as the legal effect of receiving the notes and disposing of them in the manner stated.

*C. C. Rogers* and *Barnard & Barnard*, for the plaintiffs.

*Bingham & Mitchell* and *W. D. Hardy*, for the defendant.

CLARK, J. The notes were made and payable in this state, and in determining their validity and effect they must be regarded as New Hampshire contracts. *Dow* v. *Rowell*, 12 N. H. 49; *Bank* v. *Colby*, 12 N. H. 520; *Dyer* v. *Hunt*, 5 N. H. 401; *Thayer* v. *Elliott*, 16 N. H. 102; *Little* v. *Riley*, 43 N. H. 109; *Chase* v. *Dow*, 47 N. H. 405. The contract of the maker with the payees and with any indorsee of the notes was to be performed in this state, and is governed by the law of New Hampshire. Sto. Conf. Laws, *s.* 332; *Woodruff* v. *Hill*, 116 Mass. 310. In this state a note is not payment of a preëxisting debt unless specially agreed to be received as payment. *Moore* v. *Fitz*, 59 N. H. 572. The defendant, being

unable to pay when called upon by the plaintiffs' agent, offered his notes, and delivered them to the agent. That the agent had no authority to accept them does not alter the case. It does not appear whether he assumed to accept them, or whether he informed the defendant that he was not authorized to receive them; and whether he did or not is immaterial. The agent's lack of authority did not change the nature and effect of the contract between the maker and the payee of the notes. Under the law of New Hampshire, the notes, executed and payable in New Hampshire, did not operate as payment of the indebtedness for which they were given, and no additional force or effect was acquired by the acceptance in Massachusetts. In the absence of any agreement of the parties, the acceptance was an acceptance of the notes as New Hampshire notes,—contracts to be performed in New Hampshire and governed by the law of New Hampshire; and by the law of New Hampshire the notes were not a payment of the plaintiffs' account. The defendant cannot set up the defence that the notes were payment of the plaintiffs' claim; and subsequent attaching creditors can make no defence which the defendant cannot make.

*Judgment for the plaintiffs.*

CARPENTER, J., did not sit: the others concurred.