OLE ELLINGSEN *vs.* H. DELL COOKE.

November 7, 1887.

Pleading — General Denial — Reply — Evidence.—Where an answer alleged that plaintiff "violated the terms and broke the conditions" of a certain chattel mortgage, without specifying in what particular or by what act, and on the trial the defendant proves certain acts of plaintiff in support of such allegation, the latter may, under a general denial in his reply, show, by any evidence, that such acts were not a violation of such terms or conditions.

Plaintiff brought this action in the district court for Clay county, to recover the possession of a horse. The action was tried before *Baxter*, J., and a jury, and plaintiff had a verdict. Defendant appeals from the judgment entered thereon. Upon the trial, the defendant, to justify his taking of the horse, offered in evidence a chattel mortgage, which contained a provision allowing the mortgagee to take the mortgaged property if the mortgagor did not take proper care of the same, and offered evidence to show that the defendant took the horse because the plaintiff turned it out on a prairie and refused to feed or stable it. The plaintiff, in rebuttal, offered evidence, which was received against the defendant's objection, tending to prove that he returned the horse to the defendant because of a breach of warranty made upon the sale thereof by the defendant, and that the defendant refused to take the horse or to care for it.

*O. Mosness,* for appellant.

*F. D. Larrabee,* for respondent.

GILFILLAN, C. J. Action in replevin. The answer justifies the taking and detention under a chattel mortgage, set out in it, from plaintiff to defendant, which authorized defendant to take the property

before the debt became due, upon the happening of any one of several specified contingencies, and the answer alleges generally, without stating in what particular, that the plaintiff "violated the terms and broke the conditions" of the mortgage. The reply denies each and every allegation of new matter in the answer. The taking by defendant was before the debt became due. On the trial the defendant offered evidence of acts of plaintiff, which he claimed gave him the right, under the terms of the mortgage, to take possession. In rebuttal, plaintiff offered, and against defendant's objection was allowed to give, evidence of facts which, as he claimed, justified the acts of his proved by defendant, and which, as he claimed, showed that such acts were not a violation of the terms of the mortgage.

The only question made here is one of pleading,—whether, under the reply, the plaintiff could give evidence of facts in justification of his acts proved by defendant as constituting a violation of the terms of the mortgage. He had no opportunity to plead such facts; for the acts of his which defendant claims to have been a violation of the mortgage were not specified in the answer. As to such violation the answer was not good pleading, for it should have alleged specifically the happening of one or other of the contingencies on which defendant's right to take the property would arise; then the plaintiff, being apprised of what facts defendant relied on, would have been called on to plead specifically to such allegations of fact. When defendant, under the general allegation that plaintiff "violated the terms and broke the conditions of the mortgage," proved certain acts of plaintiff, the latter might, under his general denial, show by any evidence that such acts were not a violation of such terms.

Judgment affirmed.