R. O. KELLOGG *vs.* CHARLES ANDERSON and another.

March 6, 1889.

Chattel Mortgage—Replevin by Mortgagee against Strangers.—Plaintiff, mortgagee, before the maturity of the note described in his mortgage, brought an action of claim and delivery against strangers to recover possession of certain property alleged to have been duly mortgaged to him. By the express terms of the mortgage, the mortgagor was entitled to peaceable possession of the chattels until he defaulted in his payment, under certain conditions. In case of a violation of these conditions, or should the mortgagee deem himself insecure, he was authorized to seize and sell the mortgaged property. *Held,* that plaintiff could *not* recover without showing that a condition had been broken, or that he must, at least, prove that he deemed himself insecure.

Same—Failure to Identify Property.—*Held, further,* that the property in litigation was not sufficiently identified as that described in and covered by the mortgage.

Appeal by plaintiff from an order of the district court for Wilkin county, *C. L. Brown,* J., presiding, refusing a new trial after verdict for defendants.

*Lyman B. Everdell,* for appellant.

*E. E. Corliss,* for respondents.

COLLINS, J. Action of claim and delivery, the plaintiff alleging in his complaint ownership and right of possession, April 29, 1885, of "three red oxen, five years old, and one black ox, five years old," and that defendants on said day unlawfully took and thereafter unjustly detained the same. By the answer plaintiff's title and right to possess the cattle were put in issue, and upon the trial a verdict was had for defendants. To maintain his claim to the cattle, plaintiff introduced in evidence an alleged copy of a chattel mortgage, executed by one Henry Raymond to him, bearing date January 3, 1885, in which were described, with a large number of other cattle, 10 oxen, among them "one red, five years old, two red, five years old," and "one black, five years old," said property being in the mortgagor's possession in the town of Mitchell, Wilkin county, Minn. The note described in the mortgage, bearing the same date, and due in seven

months, (August 3, 1885,) was also put in evidence. Plaintiff then called one of the defendants as a witness, and by him proved that on April 29th they had "two red oxen, five years old," and "one black ox, five years old," in their possession; that they got them "at Bouttiette's," and that they "were the property of Henry Raymond." In no other manner did plaintiff attempt to show his ownership or right to possession of the cattle in litigation, or to identify them as part of the oxen described in the mortgage given to secure the payment of a note which did not mature for some months after the day plaintiff claimed ownership. In express terms the instrument conferred upon the mortgagor the right of possession of the pledged chattels until he defaulted in his payment, or injured or neglected the property, or attempted to remove or dispose of it, or until the mortgagee deemed himself insecure. Upon the happening of either of these events, there existed the right of seizure and sale in the manner prescribed by statute. It was therefore incumbent upon plaintiff to establish the existence of such a breach of some one of these conditions as would justify a seizure, as invested him with the right to immediate possession of that part of the stock said to be detained by defendants, or that he deemed himself insecure. See Laws 1879, c. 65, § 2; *Boice* v. *Boice*, 27 Minn. 371, (7 N. W. Rep. 687;) *Ellingsen* v. *Cooke*, 37 Minn. 400, (34 N. W. Rep. 747.) The court below (conceding that the statute just referred to has no bearing) could not assume the existence of any violation of the conditions of the mortgage, nor could it assume that the mortgagee deemed himself insecure, and for that reason was entitled to possession of the cattle. Again, there was no effort made to identify the black ox and red oxen found in defendants' possession, on April 29th, at the place mentioned in the evidence, as the animals which were mortgaged while in Raymond's possession, in the town of Mitchell, three months previously. The bare fact that the mortgagor owned the cattle in April was insufficient. Their identity should have been more clearly established, as is apparent from the opinion of this court in *Tolbert* v. *Horton*, 33 Minn. 104, (22 N. W. Rep. 126.)

Order affirmed.

Note.—A motion for reargument of this case was denied April 3, 1889.