E. G. BUTTS *vs.* NORTHWESTERN PRINTING & PUBLISHING COMPANY and another.

February 27, 1890.

**Chattel Mortgage—Description of Property—Parol Evidence.**—A chattel mortgage specifically described sundry printer's implements, materials, presses, etc., in a printing-office, and also in addition included, in general terms, "all furniture and fixtures" used therein. In an action of replevin by the mortgagee to recover the mortgaged property, the court allowed him to recover, in addition to the goods specifically described, such articles of furniture and fixtures as in its judgment, upon the evidence, might properly be so denominated in such an establishment, and disallowed his claim to articles falling within neither class. In the ab-

sence of the evidence, which is not returned, this court finds no error in the construction of the description in the mortgage as applied to the sub-ject-matter.

Appeal by plaintiff from a judgment of the district court for Hen-nepin county, where the action was tried by *Lochren,* J., a jury being waived.

*Thomas Canty,* for appellant.

*Brooks & Hendrix,* for respondent Kelly.

*Charles H. Howard,* for respondent corporation.

VANDERBURGH, J.    The plaintiff, claiming title as mortgagee of certain personal property described in the complaint, brought this action to recover the possession thereof from the defendants.    The case went to trial upon issue joined, and the court found the plaintiff entitled to recover a certain portion of the property, described in the judgment, amounting in value to the sum of $2,034, and that sundry items, the title to which is in dispute, were not included in the plain-tiff's mortgage.    Judgment for the recovery of the first-described property was ordered for the plaintiff, and in favor of the defendant Kelly for the return of the property not found to be covered by the plaintiff's mortgage, (a list of which also appears in the judgment,) and judgment generally against the defendant Printing Company. The plaintiff appeals from the judgment.    None of the evidence is returned, and the case is here upon the pleadings, findings of the court, and the judgment.    In determining whether the court erred in excluding the property ordered to be returned to the defendant Kelly, we are confined to the description in the plaintiff's mortgage, and our interpretation of its language and terms.

A copy of the mortgage is not returned, but the court finds the description therein to be as follows, viz.: "One country Potter print-ing-press; one eight quarto job printing-press; one four quarto job printing-press; one number two Peerless paper cutter; one four-horse power steam-engine, together with all the belts and fixtures connected therewith, and used in operating the above-named presses; also six composing stones; about 2,000 pounds of type, (both newspaper type and job type;) and all furniture and fixtures now owned and used by said first party in the prosecution of their printing business, and

now located in the third and fourth stories (known as room 21) in the building number 319 Nicollet avenue, known as the ' Wood Block;' all of said property being now in the possession of said first party, in the city of Minneapolis, county of Hennepin, and state aforesaid." The court further finds that, when the mortgage was made, "all the goods, chattels, personal property, and fixtures" mentioned in the plaintiff's complaint, and being the property in controversy, were owned by the defendant company, and in use in said rooms in its said business, except the pair of scales mentioned and one case of wooden furniture, and except that all the type of all kinds, both newspaper and job type, was less than 2,000 pounds; and that since said mortgage was so made said corporation has bought and added thereto new and other type, and has so mixed and confused the same with the type that was there at the date of said mortgage that neither can be distinguished or separated from the other.    Plaintiff's mortgage was dated and filed in February, 1888, and on the 28th day of November, 1888, the possession still remaining unchanged, the defendant company executed the mortgage, also described in the pleadings, to the defendant Kelly, from whose possession the property was taken in this action.

A comparison of the description of the articles ordered returned, because not covered by plaintiff's mortgage, with the description in the latter, is not sufficient of itself to authorize us to hold that the court erred in its construction of the description in the mortgage, in the absence of any explanatory evidence.    Numerous items, it is apparent, were rightly excluded; as, for example, there are three printing-presses described in the mortgage, and identified.    The court, therefore, properly excluded a fourth press, of a different description; and so of "the card-cutter," "lead-cutter," "mitering-machine," etc. The general terms "furniture and fixtures" were obviously intended to cover articles other than the items of printing materials, tools, or the implements of the trade, some of which are not specifically mentioned in the mortgage, but are claimed by the plaintiff.    But the court evidently included, in the list of goods which plaintiff is allowed, property which presumably may be classed as furniture and fixtures in a printing-office, such as cabinets, cases, dry-racks, news-stands, belts,

pulleys, etc., in addition to ordinary furniture, such as chairs, desk, clock, etc.; and we are not prepared to say, in the absence of the evidence, that the court ought to have included more. As respects articles used by printers of the peculiar character and nature of which the court could not take notice, and would need to be informed and to have explained by those having peculiar knowledge on the subject, the burden rested on the plaintiff to show to which class, if either, they belonged, and that they were therefore included in the mortgage, though not specially named. For instance, the mortgage calls for "six composing stones." The court cannot, without evidence, say that "imposing stones" mean the same thing, nor that they are to be classed as furniture; and so of the other articles about which there may be doubt.

No error being apparent in the record, the judgment must be affirmed as to both defendants.