THOMSON-HOUSTON ELECTRIC CO. *vs.* FRANK E. PALMER *et al.*

Argued Dec. 22, 1892.   Decided Jan. 10, 1893.

**Whether Taking a Note is Payment Lex Loci Governs.**

The question whether the giving and receiving of the promissory note of the debtor for the amount of an antecedent debt operates as payment and extinguishment of the original debt is one that goes to the force and effect of the contract itself, and is governed by the law of the place of the contract.

**Law of another State, if Proved by Judicial Decisions.**

Where the evidence of the law of another state consists entirely of the judicial opinions of that state, their construction and effect is a question for the court alone.

**Same—Pleading and Proof of such Law.**

The laws of another state, as to pleading and proof,' stand upon the same footing as any other facts, and are not required to be pleaded when they are mere matters of evidence.   Hence, under a general plea of payment by note, a party may introduce in evidence the laws of the state where the note was given and payable to show that in that state this paid and extinguished the original debt.

**Secondary Evidence of Letter in Hands of Stranger out of this State.**

Secondary evidence of the contents of a document may be given when the original appears to be in the possession of a stranger who is beyond the jurisdiction of the state, and who, after being sworn as a witness for the purpose of taking his deposition, and asked to produce the document, refuses to do so.

Appeal by plaintiff, Thomson-Houston Electric Company, from an order of the District Court of Ramsey County, *Otis*, J., made August 5, 1892, granting defendant a new trial.

The Thomson-Houston Electric Company, a corporation, sold between December 1, 1888, and April 13, 1889, to Frank E. Palmer and J. F. Thompson, partners in business, merchandise to the value of $9,084.   On the last-named day they gave to plaintiff therefor, two notes for $4,542 each, made by J. F. Thompson and indorsed by

Frank E. Palmer, one due in six and the other in twelve months, with eight per cent. interest, payable at Fort Dearborn National Bank, Chicago, Illinois. When the first note fell due it was paid. When the other fell due J. F. Thompson delivered to the plaintiff a note of the Oswego Water Supply Co., of Kansas, for the amount and certain bonds as collateral security for its payment. This note was not paid in full, and on October 19, 1891, the plaintiff brought this action upon the original account for merchandise sold, claiming a balance of $2,834 and interest, and offered to surrender the note and collateral bonds. Frank E. Palmer was served, but J. F. Thompson was not found. Palmer answered that the two notes of Thompson were taken in payment and satisfaction of the account, and the one not paid was renewed, and payment deferred, without his assent.

The issues were tried June 14, 1892. After proving the account, plaintiff rested. Defendant proved the execution in Missouri and delivery at Chicago, Ill., of the two notes, each for $4,542, in settlement of the account. He also offered in evidence the printed official reports of cases adjudged in the Illinois courts as follows: *Fridley* v. *Bowen*, 5 Bradwell, 191; *Morrison* v. *Smith*, 81 Ill. 221; *White* v. *Jones*, 38 Ill. 159; *Gage* v. *Lewis*, 68 Ill. 604; *Anderson* v. *Armstead*, 69 Ill. 452; *Yates* v. *Valentine*, 71 Ill. 643; *Kappes* v. *George E. White Hard Wood Lumber Co.*, 1 Bradwell, 280; *Smalley* v. *Edey*, 19 Ill. 206; *Ralston* v. *Wood*, 15 Ill. 159; *Hoodless* v. *Reid*, 112 Ill. 105; *Cox* v. *Keiser*, 15 Bradwell, 432; *Walsh* v. *Lennon*, 98 Ill. 27; *Wilhelm* v. *Schmidt*, 84 Ill. 183.

On objection by plaintiff, these reports were excluded, and the defendant excepted. The court charged the jury that the taking of the notes was not payment of the account. Plaintiff had a verdict for $3,453.42. The defendant Palmer moved for a new trial, and the court granted it. Plaintiff appeals.

*F. B. Wright*, for appellant.

The court will not take judicial notice of the law of a sister state or presume that it is in any way different from the law of this state. Such law must be pleaded by the party relying thereon, before he can prove it. *Hoyt* v. *McNeil*, 13 Minn. 390; *Hunt* v. *Johnson*, 44

N. Y. 27; *Hanley* v. *Donoghue*, 116 U. S. 1; *Evans* v. *Reynolds*, 32 Ohio St. 163; *Ellis* v. *Maxson*, 19 Mich. 186; *Dainese* v. *Hale*, 91 U. S. 13; *Scudder* v. *Union Nat. Bank*, 91 U. S. 406; *Roots* v. *Merriwether*, 8 Bush, 397.

Plaintiff contends that the Illinois law, even if it had been properly pleaded, was incompetent and immaterial. The bill of exceptions discloses no contract, express or implied, as to whether the notes were taken in payment of the existing debt or otherwise. *Geib* v. *Reynolds*, 35 Minn. 331; *Combination S. & I. Co.* v. *St. Paul City Ry. Co.*, 47 Minn. 207.

The defendant claims that the notes were taken and made payable in the state of Illinois, and that by the law of that state, it is presumed that the notes were taken in payment of the debt. Is this a right as contradistinguished from a remedy? If a right, then the *lex loci contractus* must govern. If a remedy, then the *lex fori*. The *lex fori* governs whether a witness is competent or not, whether a matter is required to be proved by a writing or not, whether certain evidence proves a fact or not. These are to be determined by the law of the country where the remedy is to be enforced, and where the court sits to enforce it. *Bain* v. *Whitehaven & F. J. Ry. Co.*, 3 H. L. Cas. 1; *Yates* v. *Thomson*, 3 Cl. & Fin. 544; *Downer* v. *Chesebrough*, 36 Conn. 39; *Hoadley* v. *Northern Transp. Co.*, 115 Mass. 304; *Wilcox* v. *Hunt*, 13 Pet. 378; *Bank of U. S.* v. *Donnally*, 8 Pet. 361.

It is not the law of Illinois as shown by the adjudicated cases that the taking of a promissory note for an existing debt is *prima facie* payment of that debt. *White* v. *Jones*, 38 Ill. 160; *Archibald* v. *Argall*, 53 Ill. 307; *Rayburn* v. *Day*, 27 Ill. 46.

*Samuel A. Anderson*, for respondent.

It is the law of Illinois that where the debtor's own negotiable note is taken for an existing account or debt, it is *prima facie* evidence of payment of the account or debt. See the cases offered in evidence at the trial. *Cornwall* v. *Gould*, 4 Pick. 444; *Barclay* v. *Gooch*, 2 Esp. R. 571; *Thacher* v. *Dinsmore*, 5 Mass. 299; *Huse* v. *Alexander*, 2 Met. 157; *Melledge* v. *Boston Iron Co.*, 5 Cush. 158;

*Fowler* v. *Ludwig*, 34 Me. 455; *Dickinson* v. *King*, 28 Vt. 378; *Collamer* v. *Langdon*, 29 Vt. 32.

MITCHELL, J.    This action was brought on an account for goods, wares, and merchandise sold and delivered in Chicago, Ill., by plaintiff to defendant and one Thompson.    Thompson was a nonresident, and was not served with process, and never appeared, so that the action proceeded against Palmer alone.    His principal defense was that the account had been paid by promissory notes executed by Thompson and indorsed by himself, and which he alleged plaintiff received and accepted as payment of the account.    The giving and receiving of the notes for the amount of the account (a pre-existing debt) was not disputed.

Although casually signed in Missouri, the notes were delivered and were payable in Illinois; and it is not questioned but that they were Illinois contracts, and, as respects their nature and obligatory force, governed by the laws of that state; the only contention being as to whether the law of that state or that of Minnesota applied in determining whether they operated to pay and extinguish the original debt.

On the trial there was no evidence of an express agreement, one way or other, on the subject, and no circumstances (at least none favorable to plaintiff) from which any agreement could be implied, unless it was the mere fact that the notes had been given and received.    Upon the motion for a new trial the court below, contrary to his rulings on the trial, held that the law of Illinois applied; and that the law of that state, differing from that of Minnesota, was that, in the absence of any agreement of the parties to the contrary, the giving and receiving of the debtor's promissory note for a pre-existing debt due on simple contract constituted payment and extinguishment of the original debt.    As the evidence as to the law of Illinois consisted entirely of the judicial opinions of that state, the question of their construction and effect was one for the court alone.    *Di Sora* v. *Phillipps*, 10 H. L. Cas. 624; *Kline* v. *Baker*, 99 Mass. 255.

Neither is there anything in plaintiff's point that the law of Illinois should have been specially pleaded.    Having pleaded payment,

the defendant was entitled to introduce evidence of any facts tending to prove that plea. The rule, of course, is that courts will not take judicial notice of the laws of another state or country, differing from our own, but that they must be pleaded and proved the same as any other facts. But this rule does not require such laws to be pleaded when they consist of mere matters of evidence. They stand on the same footing as any other fact, to be pleaded only when they are issuable, as distinguished from probative or evidential facts.

It is urged that the trial court misconstrued the judicial decisions of Illinois, and that in fact the law of that state is the same as that of Minnesota. In determining this question we have necessarily had to confine our consideration to the particular decisions introduced in evidence. As the court below very correctly remarked, if the law of that state was to be determined by the *obiter dicta* in the numerous decisions of its courts, there might be very grave doubt and uncertainty as to what the law of Illinois is.

This is shown by the fact that several of their decisions are cited, carelessly perhaps, by text writers, as authority for the common-law rule which obtains in this and most of the other states; and we are by no means certain what the courts of that state will decide the law to be when they are squarely confronted with the question after full argument. But, like the court below, we think that *White* v. *Jones*, 38 Ill. 159, lays down what is often called the "Massachusetts rule," and is an authority in favor of defendant's contention, and that, keeping in mind the difference in the facts, and the distinction between what was essential to the decision of the respective cases and what is mere *dictum*, this case is not overruled by *Wilhelm* v. *Schmidt*, 84 Ill. 187.

We therefore conclude that the law of Illinois is that the taking of the debtor's promissory note for a pre-existing debt is *prima facie* payment,—that is, operates as payment and extinguishment of the the original debt,—unless the parties have agreed to the contrary; while the law of this state is that it does not, unless the parties have agreed that it shall have that effect. Of course, we do not mean that the agreement to make the case exceptional must be express, for in either state such an agreement may be implied from circum-

stances; but what we do mean is that where, as in this case, there is no express agreement on the subject, and no circumstances from which an agreement can be implied,—nothing but the bare fact that the note was given and received,—then, in Illinois, the note extinguishes the debt, while in this state it would not, unless the note itself is paid.

The question, then, remains, which applies to this case,—the law of Illinois or the law of Minnesota? There is no controversy as to the general rule on the subject, the only difficulty being as to its application. In respect to all question as to forms or methods or conduct of process or remedy, including mere rules of evidence, the law of the *forum* governs; but the settled doctrine of public law is that personal contracts are to have the same validity, interpretation, and obligatory force in every other country (unless against its public policy) which they have in the country where they were made. 2 Kent, Comm. 257, 258. The *lex loci contractus* (referring to the place of the seat of the contract, as distinguished from the place where it may casually happen to have been signed, and which may govern in mere matters of form of solemnization) is *prima facie* that which the parties intended to apply, and therefore the law which, in the absence of circumstances indicating a different intention, ought to prevail in all matters pertaining to the right and merit of the contract, or what the civilians called "*naturalia contractus.*" This doctrine is perhaps as clearly and tersely stated by Tindall, C. J., as any one, as follows: "So much of the law as affects the rights and merit of the contract—all that relates *ad lites decisionem*—is adopted from the foreign country; and so much of the law as affects the remedy only—all that relates *ad lites ordinationem*—is taken from the *lex fori*, where the action is brought." *Huber* v. *Steiner*, 2 Scott, 304. Of course he was speaking of personal contracts. The law of the place of making the contract, if it is to be there performed, enters into and forms a part of the contract as to all questions touching its obligation and interpretation; as, for example, whom it binds, and to what extent; what is included and what is excluded. Whoever contracts in a country is presumed to know its law, and whatever he does not express plainly he refers to the interpretation of

the law, and wills and intends that which the law itself wills and intends. This is included in the contract, without being expressly mentioned, by operation of law. Applying these principles to the case in hand, we are of opinion that the question whether the giving of these promissory notes operated as a payment and extinguishment of the antecedent debt is one which goes to the force and effect of the contract itself, and is not a mere rule of evidence, and therefore the law of Illinois applies. To hold otherwise would, it seems to us, be to make a contract for parties different from that which they made for themselves. Suppose, for example, as in this case, the contract is made in Illinois, and the party gives his note for an existing debt, without any express agreement as to its effect on the original debt, and in the absence of any circumstances from which any agreement to make the case exceptional can be implied. By the laws of that state, with reference to which he presumably contracts, it extinguishes the original debt, and thereafter his only liability is on his note. But if he is sued in this state on the original debt, if our law is to apply, he is liable notwithstanding his implied contract to the contrary. Suppose, on the other hand, the contract is made in Minnesota, and, the note not being paid, the creditor sues on the original debt in Illinois. If the law of that state applies, his action must fail, although he took the note in reliance on the laws of this state, without any intention thereby to discharge or release the original debt. It seems to us that this is more than a question of remedy, but goes to the right of the contract. So far as we can find, New Hampshire is the only state in which the question in this precise form has ever been passed on. It is there held that it is the law of the state where the note was given which applies. *Ward* v. *Howe*, 38 N. H. 35. See, also, *Pecker* v. *Kennison*, 46 N. H. 488, and *Gilman* v. *Stevens*, 63 N. H. 342, (1 Atl. Rep. 202.) The doctrine of these cases is cited approvingly in Pars. Cont. 719. *Ely* v. *James*, 123 Mass. 36, although not an authority on the question, is suggestive, for the reason that some of the points raised would naturally have been otherwise disposed of had the court considered that they involved merely a rule of evidence, to be determined by the law of the *forum*.

Counsel for plaintiff relies greatly on *Hoadley* v. *Northern Trans-*

*portation Co.*, 115 Mass. 304, and at first sight it would seem more nearly an authority in his favor than any other case cited.   But, without considering whether that case was rightly decided, we think it is clearly distinguishable from the present.   The question there was merely one of evidence of plaintiff's assent to the terms of the bill of lading.

With reference to another trial, we may add that we are of opinion that sufficient foundation was laid for the introduction of secondary evidence of the contents of the letters from plaintiff to Thompson. Plaintiff had done all that it could do to procure the originals in Thompson's possession.   He was beyond the jurisdiction of the court, and could not be reached by process.   When his deposition was being taken in Kansas, on his cross-examination, plaintiff called for the production of the letters, which Thompson positively refused to do, and in such terms as to indicate clearly that he was acting in the interest of the defendant.   It is not material that his deposition was being taken on motion of defendant, and not of plaintiff.   Steph. Dig. Ev. art. 71b.

Order affirmed.

(Opinion published 53 N. W. Rep. 1137.)