LUCRETIA CRANDALL v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 10, 1901.

Nos. 12,522—(68).

**Judicial Notice.**

> The courts of Minnesota do not take judicial notice of the common law of a sister state.

**Common Law of Foreign State.**

> The common law of a sister state, in the absence of pleading and proof to the contrary, will be presumed to be the same as in the state of the forum.

[1] Reported in 86 N. W. 10.

**Pleading.**

>    In pleading the common law of another state it is sufficient to state as a fact what the law is, without setting out decisions of the courts. Decisions, opinions, and customs constitute the evidence of the law.

**Complaint Good.**

>    A complaint contained the following allegations as to the law of North Dakota: "That for a long time, to wit, continuously during all the times since before the said injury occurred to said deceased, as hereinafter stated, it was the law of North Dakota that railroad companies running and operating railroads should be liable and responsible for injuries occurring to their servants through negligence and carelessness of fellow servants engaged in the same employment and in the same work." *Held* to be a sufficient pleading as to the common law of that state.

**Same.**

>    A complaint stated it to be the custom of a railway company to operate its freight trains fully equipped with air brakes; that the company negligently placed a "jack" car (one not furnished with air attachments) in the middle of a train, thereby disconnecting the air-brake system, so that in rounding an abrupt curve the coupling of the "jack" car broke, and the train divided; that when the first part of the train was brought to a stop, and while a brakeman was, in the performance of his duties, uncoupling the engine and the first car, the rear portion collided with the forward part, thereby causing the injury. *Held*, that the complaint states a cause of action, and that the proximate cause of the injury lay in thus segregating the automatic system, leaving the end of the train beyond the control of the engineer.

Appeal by defendant from an order of the district court for Stevens county, Steidl, J., overruling a demurrer to the complaint. Affirmed.

*W. E. Dodge* and *E. L. Sutton*, for appellant.

*Lewis C. Spooner* and *Marshall A. Spooner*, for respondent.

LEWIS, J.

The complaint alleges that John Crandall, plaintiff's intestate, was in defendant's employ as a brakeman on one of its freight trains; that it was the custom of defendant to use automatic air brakes upon all of its freight trains, and in making up trains to provide that cars not so equipped be placed in the rear; that upon this occasion, contrary to its rule, defendant placed a certain

freight car, not so provided, in the middle of a freight train made up of about forty cars, which was otherwise completely equipped with automatic air brakes; that the effect of placing such car, known as a "jack" car, midway in the train, was that in rounding a sharp curve the coupling of this car broke, dividing the train into two parts; that, when the engineer brought the front portion of the train to a standstill, Crandall, in the performance of his duties as brakeman, was required to go between the engine and first car for the purpose of uncoupling the same, and while so engaged the rear portion of the train came on, colliding with and driving the front portion against the engine, causing the injuries from which death ensued. The specific act of negligence charged against appellant is the breaking of its system of air attachments on the train, by reason of which, when rounding the curve, the back portion broke loose from its forward part, thereby placing it beyond the engineer's control. And respondent's claim is that, had the train not been so segregated, and the usual air attachments severed by reason of placing the "jack" car in the center thereof, the accident would not have happened. It is further stated that this accident occurred in North Dakota, and for the purpose of pleading the law of that state with reference to the liability of appellant for such injury the following allegation was set out in the complaint:

"That for a long time, to wit, continuously during all the times since before the said injury occurred to said deceased, as hereinafter stated, it was the law of North Dakota that railroad companies running and operating railroads should be liable and responsible for injuries occurring to their servants through negligence and carelessness of fellow servants engaged in the same employment and in the same work."

This complaint was demurred to upon the ground that it does not state facts sufficient to constitute a cause of action, and defendant appeals from an order overruling the demurrer.

In our judgment, it appears, from the facts pleaded, that the disconnection of the air brake from the rear portion of the train by the insertion of the "jack" car at the point stated was the proximate cause of the injury, and it will not be necessary to discuss that question.

Appellant insists that the above-quoted allegation as to the law of North Dakota is an insufficient pleading of the law upon that subject, for the following reasons: That, if it is thereby intended to plead a statute of that state, it is not sufficient, because, under the authorities, such allegation would be merely a conclusion of the pleader as to the effect of the statute, and that the only proper way to plead a statute is to set out its terms; or, if it was not intended to plead a statute of North Dakota by such allegation, then it is not a proper pleading of the common law, for the reason that decisions of that state must be pleaded and set forth showing such to be the common law. In other words, that the allegation amounts to a mere conclusion of the pleader as to what the common law of that state was. It is also claimed that it is unnecessary to plead the common law for the reason that the court will take judicial notice of such law as applied to a sister state, and that the common law of North Dakota, as applicable to this case, is that under such circumstances the master is not liable for the negligence of a co-servant; and, if the court will not take judicial notice of the common law of North Dakota, then such law will be presumed to be the same as that of Minnesota, in which case the master would not be liable.

Respondent admits that he has not successfully pleaded a statute, and we will not consider that point. While it is true that federal courts take judicial notice of the common law, as applied in various states, the state courts do not, and in the absence of a pleading, or evidence to the contrary, the common law of a sister state is presumed to be the same as in the state of the forum. Therefore it became necessary for the pleader in this case, if he relied upon the common law of North Dakota, to plead it. It only remains to inquire whether or not the allegation referred to is, in effect, merely a statement of fact as to what the law was, or if that statement amounts to a conclusion of the pleader as to what the law was as deduced by him from the facts existing in the decisions of the courts.

It is a well-settled rule that the laws of a sister state are to be pleaded and proved the same as any other fact (Cooper v. Reaney, 4 Minn. 413 [528]; Brimhall v. Van Campen, 8 Minn. 1 [13]; Myers

83 M.—13

v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476, 72 N. W. 694; Thomson-Houston Ele. Co. v. Palmer, 52 Minn. 174, 53 N. W. 1137); and where those laws exist in the form of common law, only to be ascertained by reference to a line of decisions or customs, or rules and practices, it would seem unnecessary and burdensome to compel the pleader to set out in detail decisions, opinions, and expressions of courts in order to lay a foundation for proof of those facts. Those matters are evidence of the law, and, if the ultimate fact which embodies the essence of the law is stated, it is sufficient as a basis upon which to establish such facts by proper evidence. Upon this view of the case we are led to the conclusion that the statement referred to in the complaint is one of an ultimate fact as to what the common law in North Dakota was upon that subject, and therefore the demurrer was properly overruled. Berney v. Drexel, 33 Hun, 34.

Order affirmed.