(48 Misc. Rep. 430)

## HOVER v. MAGLEY.

(Supreme Court, Special Term, Albany County.   November, 1905.)

HUSBAND AND WIFE—NOTE OF WIFE—PLEADING.

In an action on a note of a married woman and her husband, an answer setting up that the note was without consideration as to the wife, being given for a pre-existing debt of the husband, states a good defense.

Action by Wilson W. Hover against Lillian F. Magley.   Demurrer to answer overruled.

Chancellor Hawver, for plaintiff.

Elmer S. Luckenbach, for defendant.

HASBROUCK, J.   The plaintiff has brought suit upon a promissory note for $300, reading as follows:

"$300.00                                    Linlithgo, April 4, 1904.

"On demand for value received we jointly and severally promise to pay to Wilson W. Hover or order Three hundred dollars with interest.

"[Signed]                                    Lillian F. Magley. .

"Leonard Magley."

The defendant answers, among other things, that the note set forth was made by the defendant without any consideration therefor; that the plaintiff knew that there was  never any consideration for said note so far as the defendant was concerned, and that the note was given for a pre-existing debt of the husband of the defendant, Leonard Magley; and that the defendant was an accommodation signer of said note.   To this answer the plaintiff has demurred, stating that the defense contained in the answer is insufficient in law upon the face thereof.

It is a familiar rule in regard to simple contracts that, if they lack consideration, they are not susceptible of being enforced; and this principle also obtains in the law of bills and notes.   The court at General Term, in the case of Traders' Bank of Rochester v. Bradner, 43 Barb. 392, laid down the rule as follows:

"The holder of commercial paper, who has received it for an antecedent debt, either as a security for payment, or as a nominal payment, without parting with any security, property, or other thing of legal value, or giving any new consideration, is not a holder for a valuable consideration."

It would be easy to determine the question presented by the pleadings herein, were it not for the negotiable instruments law.   Laws 1897, p. 727, c. 612, § 52, provides, as to a holder for value:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

By section 55, as amended, an accommodation party is made liable on the instrument to a holder for value, although such holder at the time of taking the instrument knew him to be only an accommodation party.   By section 51 it is provided that:

"Value is any consideration sufficient to support a simple contract.   An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

With regard to these provisions of the law, the Appellate Division, in Sutherland v. Mead, 80 App. Div. 107, 80 N. Y. Supp. 507, say:

"There is nothing contained in this enactment, therefore, which has changed the rule of law respecting the consideration of commercial paper as it had previously existed."

In Roseman v. Mahony, 86 App. Div. 377, 83 N. Y. Supp. 749, the court say:

"By section 51 of the negotiable instruments law * * * it is provided that 'an antecedent or pre-existing debt constitutes value.' But the holder of the note must give up the debt either wholly or qualifiedly in order to constitute consideration. He must part with something. If not with the debt, at least with the right to sue upon it for some determinate period. The taking of a debtor's note raises no presumption that it is in payment of the debt, and there was here no circumstance or suggestion that the plaintiff extended the time for payment or did any other act which would have prevented him from surrendering the note."

If these excerpts contain a correct expression of the law, and I must accept them, since no higher tribunal has gainsaid them, then the allegation of the defendant that .there was no consideration for the note or for her joining as a signer thereof, and that it was given for a pre-existing debt, states, in my judgment, a good defense.

Demurrer overruled, with costs.