ALLIED FURRIERS CORPORATION *vs.* H. LISKER.

Suffolk.     December 6, 1922. — March 8, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes*, Holder in due course. *Conflict of Laws. Evidence*, Presumptions and burden of proof, Of foreign law.

A resident of Boston made a negotiable promissory note dated at New York City payable at a bank in Boston to a New York payee and delivered it in New York to the payee in part payment of goods purchased from the payee which were defective in quality. The payee before maturity indorsed the note in blank and delivered it to a New York corporation in part payment of a previous note of the payee held by the corporation. In an action by the corporation against the maker, it appeared that in the payee's hands the note was subject to an equitable defence arising from the defective quality of the goods, and that by Laws of N. Y. 1897, c. 612, § 51, cited in a decision of a New York court, other than a court of last resort, introduced by the defendant to prove the law of New York relative to indorsement of negotiable paper, "Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." There also was evidence that the plaintiff did not know and had no reason to know of any defect or infirmity in the note or of any equitable defence which might exist therein between the maker and the payee. The trial judge found for the plaintiff. Upon appeal it was *held*, that

(1) The plaintiff was *prima facie* a holder in due course;

(2) There being no evidence to the contrary, Laws of N. Y. 1897, c. 612, § 51, was presumed to be still in force in that State;

(3) Value was given by the plaintiff within the terms of Laws of N. Y. 1897, c. 612, § 51;

(4) As the provisions of Laws of N. Y. 1897, c. 612, § 51, are identical with provisions in G. L. c. 107, §§ 48, it was not prejudicial error for the trial judge to refuse to rule that the question of value was governed by the law of New York and to refuse to determine what the law was;

(5) Although an objection by the plaintiff, on the ground that the statute should be proved by an authenticated printed copy thereof, might have been sustained to the admission in evidence of the decision containing the citation of Laws of N. Y. 1897, c. 612, § 51, which was the only evidence in the record of that statute, the defendant, having offered the case in evidence, could not complain nor object to any result which its probative significance was adequate to require;

(6) The New York decision cited, although not of a court of last resort, in the circumstances was competent to prove the statute.

CONTRACT by the holder against the maker of a negotiable promissory note for $727.50 indorsed in blank by the payee.

Writ in the Municipal Court of the City of Boston dated May 9, 1921.

The answer was a general denial and also alleged payment; that the plaintiff was not an innocent holder in due course or a *bona fide* purchaser for value; that the plaintiff had notice of equities and infirmities in the note; that the note was executed without consideration on the part of the plaintiff; failure of consideration; execution of the note under false and fraudulent representations of which the plaintiff had knowledge, and that the note was given in consideration of the delivery to the maker of certain merchandise, which merchandise was defective to the knowledge of the plaintiff.

Material evidence and findings by the judge in the Municipal Court are described in the opinion. The defendant presented fifteen requests for rulings, of which the following were denied, the denial as to ruling numbered 13 being on the ground that it was not applicable to the issues in the case:

"1. On all the evidence the plaintiff is not entitled to recover and the finding should be for the defendant.

"2. On all the evidence the plaintiff is not a *bona fide* holder of the note in suit.

"3. On all the evidence the plaintiff is not a purchaser for value. of the note in suit.

"4. On all the evidence the defendant is entitled to the benefit of all defences he would have had against the payee of the note in suit."

"7. On all the evidence the plaintiff was the agent of the payee of the note in suit and received the same only for the purpose of collection and is not a *bona fide* holder thereof for value."

"11. On all the evidence the question of whether or not the plaintiff is a holder in due course for value should be determined by the law of New York State."

"13. On all the evidence it is the law of New York that a note given for a pre-existing debt does not make the receiver thereof a *bona fide* holder for value and gives to the receiver thereof no greater rights than those of the person transferring the said note to him.

"14. The rights of the plaintiff gained through the indorsement to it of the note in suit by the firm of J. P. Reinstein and

Son in the city of New York are to be governed by the law of the place of the indorsement which prevailed at the time of the indorsement.

"15. If the firm of J. P. Reinstein and Son transferred this note to the plaintiff on account of the indebtedness which was due the plaintiff from Reinstein, Ettleson and School, Inc. then the plaintiff gave no consideration for the note and is not a holder in due course for value."

The judge found for the plaintiff and at the request of the defendant reported the action to the Appellate Division, who dismissed the report.  The defendant appealed.

The case was submitted on briefs.

*E. M. Dangel,* for the defendant.

*S. Brenner,* for the plaintiff.

CROSBY, J.   This is an action upon a promissory note brought in the Municipal Court of the City of Boston.  The note was given in New York City by the maker, a resident of Boston, to the payee, a New York company, in part payment for goods purchased from the latter; to this note in the payee's hands there was an equitable defence arising from the defective quality of the goods.  The payee before maturity indorsed the note in blank and delivered it in New York to the plaintiff in part payment of a previous note of his held by it.  Certain requests of the defendant for rulings were refused, and he appealed from an order of the Appellate Division dismissing the report.

The defendant contends that there was no evidence to warrant a finding that the note was indorsed and delivered to the plaintiff by the payee.  The judge made the following with other findings: "The declaration is upon a promissory note for $727.50 made by the defendant to the order of J. P. Reinstein and Son, and indorsed by the payees in blank, the note maturing on November 15, 1920, and being dated at New York City, and being payable at the Cosmopolitan Trust Company, Boston, Massachusetts.  The note was not paid at maturity and was duly protested. . . . It further appeared in evidence that the plaintiff was a creditor of a New York corporation, Reinstein, Ettleson and School, Inc., which negotiated to the plaintiff in part payment of that debt a certain note made by said J. P. Reinstein and Son; that when this note of J. P. Reinstein and Son matured,

the makers thereof paid the same in part to the plaintiff by transferring to the plaintiff the note of this defendant here in suit; that said transfer of the note in suit by said J. P. Reinstein and Son to the plaintiff was made before maturity of said note; that the transfer of said note in suit from said J. P. Reinstein and Son to the plaintiff took place in New York City." It is apparent that the use of the word "transfer" in the report does not affect the finding, and was intended to describe a delivery of the note duly indorsed.

As it appears from the report that there was evidence the plaintiff did not know and had no reason to know of any defect or infirmity in the note or of any equitable defences which might exist thereto as between the maker and payee, and as the trial judge found for the plaintiff, the latter is deemed *prima facie* to be a holder in due course. G. L. c. 107, § 82.

The defendant further contends that, even if the note was indorsed to the plaintiff, such indorsement is governed by the law of New York, and thereunder the plaintiff is not a holder for value, for the reason that a note given for a pre-existing debt "does not make the receiver thereof a *bona fide* holder for value and gives to the receiver thereof no greater rights than those of the person transferring the said note to him." Certain New York decisions were put in evidence by the defendant at the trial as showing that the law of that State did not recognize one who held such a note as a holder in due course for value. Three of these decisions purport to represent the common law as it existed before the enactment of the negotiable instruments law. *Turner* v. *Treadway,* 53 N. Y. 650. *Atlantic National Bank of New York* v. *Franklin,* 55 N. Y. 235. *Comstock* v. *Hier,* 73 N. Y. 269. The fourth case apparently was submitted as evidence of the law of New York since the adoption of that act. *Hover* v. *Magley,* 96 N. Y. Supp. 925. In this case the statute is cited in the opinion. Laws of N. Y. 1897, c. 612, §§ 51, 52. The following is therein quoted: "By section 51 it is provided that: 'Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.'" The provisions of the quoted statute are identical with the corresponding provisions of our negotiable instruments law.

G. L. c. 107, §§ 48, 49. There being no evidence to the contrary the New York statute is presumed to be still in force in that State. *The Pawashick,* 2 Lowell, 142, 144. The construction placed upon the statute in *Hover* v. *Magley, supra,* is not pertinent to the case at bar. The court there in construing upon demurrer an answer which alleged that "the note was given for a pre-existing debt of the husband of the defendant," held that this allegation was not one of payment of the original obligation, but a mere statement that the note was given as further security for the former debt. The present case is distinguishable by the finding that the note was given "to the plaintiff in part payment of that debt." Construing the statute so far as applicable to this case, it therefore appears that value was given by the plaintiff. *National Investment & Security Co.* v. *Corey,* 222 Mass. 453. Even if there were error in the refusals of the judge to rule that the question of value was governed by the law of New York and to determine what that law was, which we do not decide, it was not prejudicial error. See *Ives* v. *Farmers' Bank,* 2 Allen, 236; *Woodruff* v. *Hill,* 116 Mass. 310; *Roland M. Baker Co.* v. *Brown,* 214 Mass. 196; *Walling* v. *Cushman,* 238 Mass. 62, 65; G. L. c. 233, § 70. If the decision in *Hover* v. *Magley, supra,* was not admissible to prove the New York statute, and if an objection thereto by the plaintiff might have been sustained, G. L. c. 233, § 70, *Free* v. *Southern Railway,* 78 S. C. 57, *Seiders* v. *Merchants Life Association of the United States,* 93 Texas, 194, 200, yet the defendant, having offered the evidence, cannot now complain, nor object to any result which its probative significance was adequate to require. If the evidence was not competent to prove the statute, it is only because an authenticated printed copy of the statute is deemed the better evidence. G. L. c. 233, § 70. *Raynham* v. *Canton,* 3 Pick. 293, 296. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 576, and cases cited. The evidence was sufficient to, prove the statute, and the fact that it was not before a court of last resort is unimportant. The conclusion reached disposes of all the exceptions argued and they need not be considered singly.

*Order dismissing report affirmed.*