## FIRST NATIONAL BANK OF MADISON v. CARL A. HALVORSON.[1]

February 8, 1929.

No. 27,147.

*C. A. Fosnes* and *Slen & Dale,* for appellant.
*Daly & Barnard* and *A. W. Ewing,* for respondent.

STONE, J.

Replevin for certain horses, cattle, some farm machinery and grain, wherein, after trial to the court without a jury, defendant appeals from the order denying his motion for a new trial.

Plaintiff claims as a mortgagee of the chattels, but in the complaint alleged ownership and the right to possession generally. It averred a demand upon defendant and his refusal to deliver. The answer admits the demand and refusal but denies the complaint

[1]Reported in 223 N. W. 618.

otherwise, and asserts that defendant as owner is entitled to possession. There was no reference in complaint or answer to the chattel mortgage and no admission by defendant that the property described in the complaint or any part of it was that mortgaged. Defendant's rebonding of the property was no admission that any of it was subject to plaintiff's mortgage. The burden to prove that was on plaintiff. That is plain and so is assumed rather than decided in Kellogg v. Anderson, 40 Minn. 207, 41 N. W. 1045, and Butts v. Northwestern P. & P. Co. 43 Minn. 56, 44 N. W. 879. In each case certain chattels claimed in replevin under a mortgage were held not sufficiently identified by evidence as part of the mortgaged property. It does not help plaintiff that the pleadings in one view may raise an issue of conversion. If that be true, there could be no conversion unless the goods had been mortgaged, and the same burden would remain on plaintiff.

We do not determine the extent to which the similarity of the description in the complaint and return of the sheriff upon the writ of replevin to that in the chattel mortgage made a prima facie case for plaintiff. Certain horses were described by color, age and name. But other items (for instance "13 head of heifers and steers, 2 years old, 7 calves raised in spring of 1924, 15 calves born in fall of 1924 and in year 1925, being increase of above described cows and heifers," several pieces of farm machinery and specified quantities of wheat, oats and barley, referred to in the complaint as being a "part of the crops sown  *  *  *  and harvested during the year 1925" upon certain described land) are described so generally and loosely that plaintiff could not recover them without extraneous evidence establishing prima facie that they were covered by the mortgage. There was no such evidence. And we think error is properly assigned upon the rulings which in effect held that it was not necessary.

■ Under his general denial, defendant could prove anything legally opposing plaintiff's general claim of ownership and right to possession. Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185; Hanson v. Diamond I. Min. Co. 87 Minn. 505, 92 N. W. 447. Therefore

proof of payment was admissible. That rule is confirmed rather than qualified by Trovatten v. Hanson, 171 Minn. 130, 213 N. W. 536, where the complaint, unlike that in this case, disclosed the very title relied upon. Defendant admitted owing on the debt secured by plaintiff's mortgage a balance of more than $500. His claim, denied by the decision below, was that $3,500 had been paid on the original debt of more than $4,000. As additional security, plaintiff had a junior mortgage on land of defendant's in Griggs county, North Dakota. The first mortgage was foreclosed in 1922, and plaintiff redeemed as a junior mortgagee. Laws, N. D. 1923, c. 251, an act approved March 6 of that year, requires of a creditor making such a redemption that he state in his notice of intention to redeem the "amount that he will credit on his claim against the debtor upon making redemption," and that if the amount so stated is less than the lien under which the redemption is made a subsequent redemptioner in his turn may redeem by paying the amount paid by the first redemptioner, together with any taxes or other items paid by "such redemptioner in protection of the title," and interest as provided by law, "together with the amount stated by such first redemptioner as the amount he is willing to allow on the claim under which he redeemed." The law proceeds:

"The amount so stated by a redemptioner as a credit on the claim under which he redeems shall be treated as a payment of that amount on such indebtedness, and it shall be the duty of the redemptioner to immediately indorse the same upon the evidence of his claim, and if such claim be a judgment he shall cause a statement of such amount to be entered by the clerk of court in the judgment docket."

In September, 1923, plaintiff sent to a bank at Cooperstown, North Dakota, the county seat of Griggs county, a notice of intention to redeem defendant's land from the foreclosure of the first mortgage and remitted $5,000 wherewith to redeem. As prepared by plaintiff, the notice contained no statement such as required by the statute of any sum to be credited to defendant. But the Cooperstown bank, before filing the notice for record with the register of

deeds, inserted a declaration that $3,500 would be so credited. It did that without authority from plaintiff, but immediately after making redemption and by letter of October 12, 1923, advised plaintiff of what it had done, stating in addition, "If you wish the certificate recorded, return it to us and we will attend to it." The certificate was returned and recorded, and the redemption perfected; the certificate of redemption issued in due course, and later, on January 3, 1925, pursuant to North Dakota law, plaintiff took a sheriff's deed of the property based upon its 1923 redemption. So plaintiff ratified the act of the Cooperstown bank in amending the notice and cannot now assert the original absence of authority to make that change. It is equally plain that plaintiff, having taken advantage of the North Dakota act of 1923 and having redeemed pursuant thereto, is barred from asserting that the statute in any way interfered with its contract rights under its mortgage from plaintiff because it was enacted subsequent to the making of that contract. The redemption by plaintiff under that law and as conditioned by it is an accomplished fact, a completed legal act. We hold therefore that as the record now stands defendant's plea of a payment of $3,500 is well taken.

■ For plaintiff, it is argued that it was error to receive in evidence the statute of North Dakota because it was not pleaded. Counsel forget that the rule that foreign laws must be pleaded applies only where they are issuable facts and has no application where they are merely probative or evidentiary facts. For example, where the validity of a plea that a debt for goods sold had been paid by promissory notes depended upon the law of Illinois, payment was the issuable fact and the law of Illinois simply proof in support of the affirmative. It was held therefore not necessary to plead that law. Thomson-Houston Elec. Co. v. Palmer, 52 Minn. 174, 53 N. W. 1137, 38 A. S. R. 536. See also O. W. Kerr Co. v. Nygren, 114 Minn. 268, 130 N. W. 1112, Ann. Cas. 1912C, 538; Wood v. Johnson, 117 Minn. 267, 135 N. W. 746.

There must be a new trial, but notwithstanding what we have just said the issue of part payment is not to be considered as fore-

410

closed. That is because there is a statement in the record from an officer of plaintiff that the North Dakota redemption was made for the benefit of defendant. That may or may not be true. If the redemption was made for the benefit of defendant, it is possible that plaintiff may still hold the North Dakota land as an equitable mortgagee and be entitled to show that it should not be charged with $3,500 or any other sum as having been paid on defendant's debt by reason of the North Dakota redemption.

Order reversed.