IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1862, AT ST. LOUIS.

———————•••———————

GEORGE POMEROY *et al.*, Respondents, v. THEODORE BETTS and JOHN O. MELLEN, impleaded, &c., Appellants.

1. An order of court, directing non-resident defendants to be notified by publication, will not authorize a judgment against resident defendants who have not been duly served with process.
2. At law, a judgment which is irregular as to one of several defendants for want of due service of process upon him, is irregular as to all, and will be set aside. (Smith's administrator v. Rollins, 25 Mo. 410, affirmed.)
3. An appearance for the purpose of setting aside an irregular judgment waives no right of the party thus appearing.

*Appeal from St. Louis Circuit Court.*

This was a suit on a bill of exchange drawn by Orr & Hull, in favor of the plaintiffs, accepted by the firm of Betts, Mellen & Co., of which Theodore Betts, John D. Mellen, Joshua Jackson, John O. Mellen, and A. A. K. Sawyer, were partners.

The writ was personally served upon Betts, and a return of *non est* was made as to Jackson, John O. Mellen and Sawyer. Betts and John D. Mellen appeared and answered at the return term. The plaintiffs filed an amended petition against the original defendants, and made the drawers of the bill, Orr & Hull, also parties defendants. To this petition was annexed an affidavit that Orr & Hull were non-residents, upon which an order of publication issued to make them parties. The facts are fully stated in the opinion of the court.

*W. N. Grover,* for appellants.

I. The court below did not acquire jurisdiction over John O. Mellen by any service actual or constructive, and the judgment as to him is irregular, he having been returned not found, not having entered any appearance, and no publication have been made to bring him in. (R. C. 1855, p. 1224–5, § 13, 15, 16, 17.) The appearing for the purpose of filing motions to set aside the judgment did not waive the right of Mellen to except to the jurisdiction. (Smith's adm'r v. Rollins, 25 Mo. 408.)

II. The judgment being irregular and erroneous as to John O. Mellen, must be set aside as to all. (Smith's adm'r v. Rollins, 25 Mo. 408; Rush v. Rush, 19 Mo. 441; 1 Roll. Abr. Err. Pl. 9; Cruikshank v. Gardner, 2 Hill R. 333; 2 Saund. 212; 1 Ld. Ray, R. 601.)

*C. T. Burnes,* for respondent.

The publication made a valid service against all the defendants, and judgment might properly have been entered against all.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Ewing, in which Judge Napton concurred. The parties have now agreed that that opinion may be adopted by the court, and judgment rendered ac-

cordingly. Therefore, the court adopts the opinion, and in accordance therewith, the other judges concurring, the judgment below is reversed and the cause remanded.

EWING, Judge.

The only point in this case is, whether as to the defendant John O. Mellen there was any notice of the suit. The suit originally was brought against Betts, John O. Mellen, J. D. Mellen, Jackson and Sawyer. There was a return of *non est* as to John O. Mellen, Jackson and Sawyer. Subsequently the plaintiff filed an amended petition, making Thomas Orr and Louis Hull parties defendant; and on affidavit alleging that Hull and Orr were non-residents, an order of publication was made by the court in the usual form as to these parties only; no others referred or named in it. Afterwards, at the October term, 1858, judgment by default was taken against all the defendants except Orr and Hull, which, on their motion, was set aside, and the suit dismissed by plaintiff as to John D. Mellen, Jackson and Sawyer, and judgment, for want of answer, entered against Betts, John O. Mellen, Orr and Hull. The November following, Betts and Mellen filed their several motions to set aside the judgment, alleging the want of legal service or notice, and that the court have no jurisdiction. On the hearing of these motions, the return of the sheriff, affidavit of the printer, and the notice thereto annexed, were read in evidence, and the motions were overruled; to which Betts and Mellen excepted.

An order of publication, where there are non-resident defendants, may be made by the court (or clerk, in vacation), upon an allegation in the petition or an affidavit, alleging the fact of such non-residence, and directed to the non-residents, notifying them, &c. In this case, the order following the affidavit applied to Orr and Hull only — no others being named or referred to. But the publication actually made does not strictly conform to the order of the court. It recites " that defendants, Jackson, John O. Mellen and Sawyer can

not be found ;" and the court being otherwise satisfied that the defendants Orr and Hull are non-residents of the State, and the court being further satisfied that process can not be served on said last named defendants, it is on motion of said plaintiffs, by their attorney, ordered that said defendants be notified, &c. ; and that unless said defendants be and appear, &c. By another provision of the statutes, when the sheriff makes returns that the defendant can not be found, the court, being first satisfied that process can not be served, shall make an order as is required in the preceding sections in case of non-resident defendants. (Prac. Act, Art. 5, § 15.) Under this section the court only, and not the clerk, is authorized to make an order of publication ; and it is evident that the order by the court only applied to the defendants Orr and Hull, and was based upon the affidavit filed with the petition, under section 13 of the article referred to. The recital, therefore, in the publication, so far as it relates to other defendants, was unauthorized by the order, and can have no effect as to them. But the notice, as actually published, seems to be directed to Hull and Orr, not to the defendants generally, nor to John O. Mellen. It is true that it states that the other defendants could not be found, but it then designates specially the defendants Orr and Hull as the parties, who, by reason of their non-residence, could not be served with process ; and these, and these only, it would appear were intended to be affected by the notice.

The defendant appeared only for the purpose of resisting the jurisdiction, and no right was thereby waived ; and the notice being insufficient as to Mellen, the judgment should have been set aside as to his co-defendant, Betts, also. (Smith's adm'r v. Rollins, 25 Mo. 410.)

Judgment reversed and the cause remanded, Judge Napton concurring.