THE COVENANT MUTUAL LIFE INSURANCE COMPANY, Respondent, *v.* HENRY A. CLOVER AND FRANCIS H. MANTER, Appellants.

*Judgment—Error.*—A judgment at law is an entirety—good as to all, or bad as to all the defendants. A judgment rendered jointly against the maker and endorser of a promissory note, in a suit in which the maker was not served with process, is erroneous as against the endorser, and will be reversed upon writ of error or appeal.

*Appeal from St. Louis Court of Common Pleas.*

*Clover,* for appellants.

The court below rendered judgment against a party never

served with process, to wit, F. H. Manter. This is apparent from an inspection. The judgment is irregular and void, as a whole, it being an entire thing; and being necessarily to be reversed as to one, must be reversed *in toto*. (Dickinson v. Chrisman, 28 Mo. 135.) No motion or bill of exceptions was necessary under the established practice of this court, the error being of record.

*Whittelsey*, for respondent.

I. The appellant Clover cannot take advantage of the defect in the judgment, although it may be erroneous, for the reason that the error does not affect him. The defendant cannot reverse a judgment for error, unless the error affect such defendant. (Jaqueth v. Jackson, 17 Wend. 434; Papin v. Massey, 27 Mo. 445, 453.)

In the cases of Pomeroy v. Mellen (31 Mo. 419) and Smith v. Rollins (25 Mo. 410) the defendants not properly served appeared in the court below, and moved the court to set aside the judgment; and their motion being overruled, they appealed. The defendants, affected by the error, took proper advantage of that error, and the judgment being reversed was reversed as to all.

In this case, no motion to set aside or arrest the judgment was made in the court below either by the defendants Manter or Clover.

II. No exception having been taken to the action of the court below rendering judgment, this court cannot pass upon the question presented by appellant. (R. C. 1855, p. 1300, § 33; Richardson v. George, 34 Mo. 104, 108; 25 Penn. 434; 10 Texas, 116; St. Bt. Thames v. Erskine, 7 Mo. 213; Long v. Story, 13 Mo. 4.)

III. The error does not affect the merits of the action as against appellant. (R. C. 1855, p. 1300, § 34, & note *b.*, and cases there cited.)

WAGNER, Judge, delivered the opinion of the court.

Respondent sued Manter as maker and Clover as endorser

of a negotiable promissory note. Manter was not served with process, and judgment was rendered against both. Clover appealed to this court, and the only error relied on is, the irregularity in rendering judgment against Manter, when the court had no jurisdiction over him. It is insisted that the judgment is good against Clover, and that he cannot take advantage of the defect as to his co-defendant, because it does not affect him. But this is a judgment at law—an entirety; it is good as to all, or bad as to all; and an entire judgment against several defendants, will be reversed as to all, if it be erroneous as to one. (Cox v. Lowther, Ld. Ray, 601; Rush v. Rush, 19 Mo. 441; Smith's Adm'r v. Rollins, 25 Mo. 408 ; Pomeroy v. Betts, 31 Mo. 419.)

The judgment is reversed and the cause remanded. The other judges concur.