————O————

H. A. SAMSTAG, et al., Respondents, vs. H. CONLEY AND N. H. DALE, Appellants.

1. *Bills and notes—Negotiability—Indorsement—Assignor, liability.*—An instrument in the following form is not a negotiable instrument.

"$100. Neosho, Mo., Aug. 29, 1874, ——————— after date ——— promise to pay to the order of ——————————— dollars for value received, negotiable and payable, without defalcation or discount, with ten per cent. interest thereon from maturity, till paid; and if said interest shall remain unpaid for the time of one year from the maturity of this note, then the same to become as principal, and to bear the same rate of interest as principal, and to be compounded annually; and we do each and severally waive, any and all exemptions under and by virtue of any execution, exemption, homestead or stay laws of the State of Missouri, or that of any other State; and we do each further promise and agree to pay a reasonable attorney's fee for the bringing suit in collection of this note, if suit thereon be brought or collection thereof be enforced after the same shall become due, payable at the Newton County Bank of Samstag & Stein." (See First Natl. Bank of Trenton vs. Gay. 63 Mo. 33.)

And the indorsement by the payee simply makes him liable as assignor to pay after the exercise of due diligence by the holder, and failure to collect from the maker after suit, or in case of the insolvency or non-residence of the maker, so that a suit would have been unavailing.

*Appeal from Newton County Circuit Court.*

*N. H. Dale,* for Appellants.

*George Hubbert,* for Respondents.

HOUGH, Judge, delivered the opinion of the court.

The petition in this case contained two counts, and seeks to charge the defendant, Conley, as maker, and the defendant, Dale, as indorser, of two obligations in writing, alleged to be negotiable promissory notes. The instrument declared on in the first count is as follows:

$100.          NEOSHO, Mo., August 29th, 1874.

One month after date I promise to pay to the order of N. H. Dale, one hundred dollars for value received, negotiable and payable without defalcation or discount, with ten per cent. interest thereon from maturity till paid ; and if said interest shall remain unpaid for the time of one year from the maturity of this note, then the same to become as principal and bear the same rate of interest as principal and to be compounded annually ; and we do' each and severally expressly waive any and all exceptions under and by virtue of any execution, exemption, homestead or stay laws of the State of Missouri, or that of any other State ; and do each further promise and agree to pay a reasonable attorney's fee for the bringing of suit in collection of this note, if suit thereon be brought, or collection thereof enforced after the same shall become due, payable at the Newton County Bank of Samstag & Stein.

Signed, H. CONLEY.

Indorsed, N. H. DALE.

The instrument declared on in the second count is in all respects identical with the foregoing, except as to amount, and is indorsed, N. H. Dale, L. B. Hutchinson.

Plaintiffs recovered judgment against both defendants on both counts, and the defendant Dale has appealed to this court.

The question presented is, whether defendants Conley and Dale can be jointly sued.

As the obligations sued on cannot be held to be negotiable instruments, since the decision of this court in the case of the First National Bank of Trenton vs. Gay, (63 Mo. 33) the defendant Dale can only be held liable in an action against him on his implied undertaking, as assignor, to pay after due diligence used by the assignee in the institution and prosecution of a suit against the maker, for the recovery of the money due, or in the event of the insolvency or non-residence of the maker, so that a suit would be unavailing, or could not be instituted. (W. S., 270, vol. 1, § 8; Stone vs. Corbett, 20 Mo. 358.)

This suit having been brought against Dale as indorser of a negotiable promissory note and not on his implied undertaking as assignor, no recovery can be had against him in the present action. and the judgment will be reversed and the cause remanded.

All the judges concur, except Sherwood, C. J., absent.