First National Bank of Carthage v. Marlow.

FIRST NATIONAL BANK OF CARTHAGE V. MARLOW, *Appellant.*

1. **Obligation for Payment of Money and Attorney's Fee for Collection, not a Promissory Note.** An obligation for the payment of money, otherwise in the usual form of a negotiable note, contained a stipulation that in case it was not paid when due, the makers should pay an attorney's fee of 10 per cent for collection, and authorizing judgment to be entered for the fee along with the debt. *Held*, that it was no promissory note. (Following *First National Bank v. Gay*, 63 Mo. 33; *Samstag v. Conley*, 64 Mo. 476.)

2. **Practice.** A judgment by default rendered before the expiration of the time allowed by law for pleading, is irregular, and should be set aside on motion of the party aggrieved.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*W. H. Phelps* for appellant.

*E. J. Montague* for respondent.

HOUGH, J.—Suit was brought to the September term, 1876, of the Jasper circuit court, against the defendants, upon the following instrument of writing:

CARTHAGE, MO., Nov. 22, 1875.

Six months after date we, or either of us, as principal, promise to pay to the order of J. W. Jacobs, at the First National Bank of Carthage, Carthage, Mo., $800, for value received, with interest at the rate of ten per cent per annum, and we hereby waive notice of any extension of the time

of payment which may be made to either of the makers hereof; and, in case this note is not paid when due, we agree to pay an attorney's fee of ten per cent for collecting the same, and that judgment may be rendered therefor in the court at the time judgment is rendered upon this note.

> DANIEL O. LOWERY.
> R. T. MARLOW.
> GEO. W. WALLACE.
> S. G. WHITLOCK.
> JOHN HENDRICK.

The substance of this obligation was set forth in the petition. On the third day of the return term, final judgment was rendered against the defendants for the full amount of the principal sum and interest, and for the further sum of $80 as an attorney's fee. At the March term, 1877, the defendants Whitlock and Wallace filed a motion to set aside the judgment for irregularity, on the ground that said judgment was rendered before the time had expired in which the defendants were by law required to plead. This motion was overruled and the defendants Whitlock and Wallace have appealed. The statute provides that, when the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property, the defendant shall demur to or answer the petition on or before the second day of the term. In all other cases, in counties having 40,000 inhabitants, or less than that number, the defendant is required to demur or answer on or before the sixth day of the term at which he is bound to appear. The instrument sued on is neither a bond, bill of exchange nor promissory note. *First Nat. Bank v. Gay*, 63 Mo. 33; *Samstag v. Conley*, 64 Mo. 476. This being so, the defendants were entitled to six days in which to plead, and the judgment having been rendered against them before the expiration of that time, it is irregular and should have been set aside, as prayed in the motion. *Smith v. Best*, 42 Mo. 185; *Pomeroy v. Betts*, 31 Mo.

419; *Covenant Mut. Life Ins. Co. v. Clover*, 36 Mo. 392. The judgment will be reversed and the cause remanded, with directions to the circuit court to give the defendants leave to plead. The other judges concur.