FIRST NATIONAL BANK OF CARTHAGE v. JACOBS *et al., Appellants.*

**Contract to pay Money, with Stipulation for Attorney's Fee
is no Promissory Note: PRACTICE.** If an obligation for the pay-
ment of money, otherwise in the form of a promissory note, con-
tain a stipulation that in the event of failure to pay the same at
maturity, the maker shall pay, in addition to the debt and interest,
an attorney's fee for collecting the same, it will lose its character as
a promissory note; and in determining the time within which the
defendant must answer in a suit on such an instrument, it will be
treated as a mere contract.   See Revised Statutes 1879, section 3514.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS,
Judge.

REVERSED.

*W. H. Phelps* and *E. O. Brown* for appellants.

RAY, J.—From stipulations of the parties, filed in the
cause, it appears that suit was brought to the September
term, 1877, of the Jasper circuit court, against the defend-
ants upon the following instrument of writing:

$1,100.                  CARTHAGE, Mo., February 19th, 1876.

One year after date, we, or either of us, as principal,
promise to pay to the order of D. S. Thomas, cashier, at
the First National Bank of Carthage, Missouri, $1,100, for
value received, with interest at ten per cent per annum,

after maturity; and we hereby waive notice of any extension of .the time of payment which may be made to either of the makers hereof; and in case this note is not paid when due, we agree to pay an attorney fee of ten per cent for collecting the same, and that judgment may be rendered therefor in the court at the time judgment is rendered on this note.

<div align="right">

J. W. Jacobs.

D. Woodmansee.
</div>

The petition contained two counts; the first asking judgment for the amount of the instrument and interest sued on; and the second asking judgment for an attorney's fee of ten per cent for collecting the same. The defendants were duly served with process in the cause. On the fourth day of the return term final judgment by default was rendered against the defendants for the sum of $1,100 debt, $174 interest, and $110 attorney's fee. On the 23rd day of the same term, the defendants filed their motion to set aside the judgment, for the reasons: 1st, Because the judgment is irregular, in being rendered before the sixth day of the term; 2nd, Because the defendants had six days in which to plead, and the judgment was rendered on the fourth day of the term. 3rd, Because the judgment is a final one, while the case is not triable at the present term. This motion was overruled, and the defendants having duly excepted, have appealed to this court.

The statute provides that in all counties having 40,000 inhabitants, or less than that number, the defendant when duly summoned or notified, shall demur to or answer the petition on or before .the sixth day of the term at which he is required to appear, if the term shall so long continue, and if not, then before the end of the term, unless further time be given him by the court; provided, that where the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property, and the defendant has been served with process, he shall

demur to or answer the petition on or before the second day of the term, if it continues so long, otherwise in such time as the court shall direct; and all suits founded upon bonds, bills of exchange or promissory notes for the direct payment of money or property, shall be determined at the term at which the defendant is required to appear, unless continued for good cause. The instrument sued on in this case, according to the settled doctrine of this court, is neither a bond, bill of exchange or promissory note. *First National Bank of Trenton v. Gay*, 63 Mo. 33; *Samstag v. Conley*, 64 Mo. 476; *First National Bank of Carthage v. Marlow*, 71 Mo. 618. This being the case, the defendants were entitled to six days in which to plead, and the judgment having been rendered against them before the expiration of that time, it is clearly irregular, and should have been set aside as asked in defendants' motion, filed for that purpose. *Smith v. Best*, 42 Mo. 185; *Pomeroy v. Betts & Miller*, 31 Mo. 419; *Cov. Mut. Life Ins. Co. v. Clover*, 36 Mo. 392. The recent case of *First National Bank of Carthage v. Marlow, supra*, opinion by HOUGH, J., is directly in point, and decisive of this case. The judgment, in this case, must, therefore, be reversed and cause remanded, with directions to the circuit court to give the defendants leave to plead. The other judges concur.