JAMES R. GREEN, Respondent, v. SOUTHWEST MIS-
SOURI ELECTRIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Appellate Practice**: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. Where the evidence tends to show negligence by the defendant and contributory negligence by the plaintiff, and instructions clearly and fairly present the conflicts of testimony and issues of fact to the jury, it is not the province of the appellate court to disturb the judgment.

2. **Justices' Courts**: AMENDMENT ON APPEAL. There is no error in permitting the amendment in the circuit court of plaintiff's statement under an appeal from the justice's court, where the cause of action is not changed.

*Appeal from the Jasper Circuit Court.*—HON. WM. M. ROBINSON, Judge.

AFFIRMED.

*E. C. Crow, McReynolds & Halliburton* for appellant.

(1) The court erred in overruling defendant's objection to the admission of any testimony and per-

mitting plaintiff to amend his petition on the trial. The original petition stating no cause of action, there was nothing to amend. (2) The court should have given the instruction asked by defendant at the close of plaintiff's testimony in the nature of a demurrer to the evidence, plaintiff's evidence failing to show any negligence on part of defendant's employees in charge of car, and showing negligence on part of plaintiff's wife. Booth, Street Railway Law, sec. 297, and note 4; sec. 298, note 3, p. 400; *Boland v. Railroad*, 36 Mo. 484. (3) Plaintiff's testimony shows that his wife drove a horse that she knew was afraid of street cars, onto defendant's right of way between the railroad track and a house where she knew the car would soon pass, and that from the time they saw the car coming they had ample time to have driven away, and that the motorman in charge of the car, when he saw the horse was frightened, slowed up and used all reasonable diligence to prevent an accident. And on this testimony plaintiff is not entitled to recover. *Cornell v. Railroad*, 82 Mich. 495, 498, 499; *Coughtry v. Street R'y Co.*, 27 Pac. Rep. (Ore.) 1031; *Gray v. Railroad*, 65 N. Y. App. 562; *Chapman v. Railroad*, 27 Ohio L. J. 70; *St. R'y Co. v. Taylor*, 104 Pa. St. 306; 49 Am. Rep. 580.

*H. L. Shannon* and *M. G. McGregor* for respondent.

GILL, J.—This is an action for damages growing out of a collision between plaintiff's horse and wagon and one of the cars of the defendant.

The accident occurred in Carterville, Jasper county, where defendant operated an electric street railway. It seems that on the morning of June 30, 1893, plaintiff's wife and son were in charge of his market wagon, delivering vegetables and the like about

the village. While stopped in front of a dwelling near the electric line, they saw an approaching car, and, knowing their horse would likely frighten as the car passed, Mrs. Green and son got out of the wagon and attempted to lead the horse out of the way. The animal, however, seeing the car approaching, became frightened and began to back towards the railway tracks. The car continued on its way, going north, while the horse was backing west, and this resulted in bringing on a collision whereby the buggy or wagon was crushed by the car, injuring the wagon and harness to the extent of $12.50 for which amount the jury returned a verdict for plaintiff.

From a judgment on this verdict defendant has appealed.

We fail to discover in this record any substantial reason for reversing the judgment. The evidence in plaintiff's behalf tended to prove that his wife and son in charge of the wagon, made every reasonable effort to avoid the collision; that the motor man in charge of the electric car, saw the threatened danger in time to have avoided the same by the exercise of reasonable diligence; that after discovering the movements of the frightened horse, and after seeing that the animal was backing onto the railway track, defendant's servant in charge of the car could, by the use of the appliances at his command, have avoided the collision. On the other hand, defendant's evidence tended to prove that plaintiff's wife and son were guilty of negligence in bringing their horse and wagon so near to the electric line, and failed to exercise ordinary care in moving out of danger. The motorman's testimony tended to disprove any negligence on his part, and that he used every reasonable effort to avoid the collision. The circuit court, however, clearly and fairly presented these conflicts of testimony and issues of fact to the

jury; and as there was evidence on both sides, and the verdict was in plaintiff's favor, it is not our province to disturb the judgment.

There was no error in permitting the plaintiff to amend his statement after the cause had been appealed to the circuit court. R. S. 1889, sec. 6347. There was no change in the cause of action. It was the same only more fully and completely stated.

Judgment affirmed. All concur.