# LOCKWOOD *v.* LINDSEY.

PROMISSORY NOTES, NEGOTIABILITY OF ; JUDGMENTS ON NOTES.

1. If by the law of a foreign jurisdiction a promissory note payable there is negotiable which provides that in event of non-payment an addition of ten per cent. on principal and interest shall be added for collection fees, it will be treated as negotiable here, and an indorsee may sue thereon in the courts of this District.

2. When such a note bears interest at eight per cent. until paid, which rate is allowed in the jurisdiction where the note was made, the judgment thereon is properly for the principal with interest at eight per cent. until paid.

No. 441.   Submitted April 23, 1895.   Decided June 3, 1895.

HEARING on an appeal by the defendant from a judgment in an action on the promissory note, a demurrer to the declaration having been overruled.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Church and Stephens* for the appellant :

1. The instrument sued on in this case contains, in addition to the usual requirements of negotiable paper (1), a recital of the consideration ; (2) a description of certain real estate ; (3) the acknowledgement of a vendor's lien upon the property described ; and (4) a stipulation to pay 10 per cent. additional on the principal and interest upon certain contingencies which may or may not happen.   Instruments of this kind have been differently construed.   1 Daniel, sec. 62.   They certainly do not fall within the definitions of promissory notes given by the text writers.   The stipulation to pay attorney's fees renders it non-negotiable. *Hardin* v. *Olson,* 14 Fed. Rep. 705 ; *Overton* v. *Tyler,* 3 Barr, 346 ; *Woods* v. *North,* 84 Pa. St. 407 ; *Maryland Co.* v. *Newman,* 60 Md. 584 ; *Bank* v. *Gay,* 63 Mo. 33 ; *Smith* v. *Nightingale,* 2 Stark (N. P.) 375 ; *Ayres* v. *Fearnsides,* 4

M. & W. 168; *Bolton* v. *Dugdale*, 4 B. & Ad. 619; *Morgan* v. *Edwards*, 53 Wis. 599; *Johnson* v. *Speer*, 92 Pa. St. 227.

So decided in this jurisdiction. *Thomas* v. *Barker*, at Law, 31,755, Supreme Court, D. C.

The rule at common law that the assignor of a chose in action must bring suit in his own name obtains here. The law of the forum must be applied. *United States* v. *Donnally*, 8 Pet. 361; *Pritchard* v. *Norton*, 106 U. S. 124; *Le Roy* v. *Beard*, 8 How. 451; *Warren* v. *Lynch*, 5 Johns. R. 239; *Andrews* v. *Herriot*, 4 Cowen, 508 ; *Trasher* v. *Everhardt*, 3 G. & J. R. 234; *Jones* v. *Hook's Admr.*, 2 Randolph, 303; *Lodge* v. *Phelps*, 1 Johns. Cases, 139; *Leroux*. v. *Brown*, 12 C. B. 801.

2. The judgment should at least be modified because it is entered for an uncertain amount. *Nichols* v. *Stewart*, 21 Ill. 106; *Smith* v. *Trimble*, 27 Ill. 152; *Anderson* v. *Reed*, 11 Iowa, 177; *Linderman* v. *McKinson*, 5 J. J. Marsh, 234; *Berry* v. *Anderson*, 2 How. (Miss.) 649; *Boyken* v. *State*, 3 Yerger, 426.

It bears a greater rate of interest than allowed by law. Sec. 829, R. S. D. C.; *Verree* v. *Hughes*, 11 N. J. Law, 99; *Hawkins* v. *Ridenour*, 13 Mo. 125; *White* v. *Hoffeker*, 27 Ill. 349; *Wayman* v. *Cochrane*, 35 Ill. 151; *Bank* v. *Kelley*, 14 Ohio St. 367.

*Mr. Thomas L. Waters and Mr. O. W. Catchings* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This in an action on a promissory note by an indorsee against the maker, and the principal question in the case is, whether the instrument sued on is negotiable in the commercial sense of that term.

The instrument declared on is as follows :

" $642.23.            "GALVESTON, TEX., Feb. 17, 1892.

"Two years after date, I promise to pay to the order of
A. L. McGregor the sum of six hundred, forty-two 23-100,
with interest at the rate of eight per cent. per annum from
the date hereof until paid, for value received, payable at
the Galveston National Bank, Galveston, Texas.   This note
is given in part payment of the purchase money for an un-
divided one-third (⅓), interest in the Anthony Hatch six
hundred and forty (640) acre survey of land in Galveston
County, Texas, this day deeded to Henry Lockwood by
Alexander L. McGregor, and for the payment hereof, to-
gether with the interest hereon, according to the reading
and tenor hereof, a vendor's lien is hereby acknowledged,
and in the event default is made in the payment of this
note at maturity and it is placed in the hands of an attor-
ney for collection or suit is brought upon the same, then
an additional amount of ten per cent. on the principal and
interest of this note shall be added to the same for collec-
tion fees.

(Signed),      "HENRY LOCKWOOD."

The declaration is in the ordinary form, stating the terms
and conditions of the note, and the breach of the contract
of non-payment by the maker thereof.   To this declaration
the defendant, Henry Lockwood, entered a demurrer, which
was overruled and thereupon judgment was entered for the
plaintiff, James W. Lindsey, for the amount of the note,
with interest thereon, at the rate of eight per cent. per an-
num, from the 17th day of February, 1892, *until paid*, be-
sides an additional amount of ten per cent., on the princi-
pal and interest, for attorney's fee, &c., together with the
costs of suit.   It is from this judgment that the appeal is
taken to this court.

The contention is, on the part of the defendant, that the
note sued on is not negotiable, by reason of the stipulation
therein for the payment of counsel fees at the rate of ten
per cent. on principal and interest, in the event of default
of payment at maturity, and its being placed in the hands

of an attorney for collection or suit brought thereon; arid therefore this suit cannot be maintained by the plaintiff simply by virtue of the endorsement of the note to him.

This is a question in regard to which there has been great division of opinion among the courts of the States of the Union, and also, to a certain extent, among the Federal courts of the country, though it does not appear that the question has ever been presented to the Supreme Court of the United States. It is a question of considerable importance, as affecting a large class of commercial paper, and it is to be regretted that there should be such diversity of judicial opinion and ruling upon the subject.

The opinions of the State courts of the country, as far as we have been able to discover, are nearly equally divided upon the subject, the somewhat larger number perhaps holding that such stipulation as we find incorporated in the note in this case, for the payment of counsel fees, and stipulations of like nature, have the effect of depriving the paper of the quality of negotiability, and of rendering it a mere promise to pay money without any negotiable or commercial quality. The cases that so hold are the following: *Woods* v. *North*, 84 Penn. St. 407; *Johnson* v. *Speer*, 92 Penn. St. 227; *Maryland Fertilizer Co.* v. *Newman*, 60 Md. 584; *Bank of New Windsor* v. *Bynum*, 84 N. C. 24; *Bullock* v. *Taylor*, 39 Mich. 137; *Nat. Bank* v. *Purdy*, 56 Mich. 6; *Altman* v. *Rittenshofer*, 68 Mich. 287; *Nat. Bank* v. *Gay*, 63 Mo. 33; *Nat. Bank* v. *Marlow*, 71 Mo. 618; *Bank* v. *Jacobs*, 73 Mo. 35; *Hatcher* v. *Nat. Bank*, 79 Ga. 542; *Savings Bank* v. *Strother*, 28 S. C. 504; *Nat. Bank* v. *Larsen*, 60 Wis. 206; *Jones* v. *Radatz*, 27 Minn. 240; *Kimball* v. *Moir*, 15 Or. 427; *Nat. Bank* v. *Babcock*, 94 Cal. 96; *Mahoney* v. *Fitzpatrick*, 133 Mass. 151; and to which may be added the case of *Thomas* v. *Barker & Petingale*, decided in the General Term of the Supreme Court of this District, but which has not been reported.

On the other hand, we have the decisions of several State courts, and the decisions of several of the Federal courts

sitting in those States, and, as a general thing, conforming to the State decisions, which hold that such note as that sued on in this case is negotiable, and maintains its commercial character, notwithstanding the stipulation for the payment of costs of collection, including attorney's fee or commissions. The following cases hold this doctrine : *Sperry* v. *Horr*, 32 Iowa, 184; *Nickerson* v. *Sheldon*, 33 Ill. 372; *Dorsey* v. *Wolff*, 142 Ill. 589; *Stoneman* v. *Pyle*, 35 Ind. 103; *Pate* v *Nat. Bank*, 63 Ind. 254; *Maxwell* v. *Morehart*, 66 Ind. 301; *Proctor* v. *Baldwin*, 82 Ind. 370; *Heard* v. *Bank*, 8 Neb. 10; *Deitrich* v. *Bayhi*, 23 La. Ann. 767; *Gaar* v. *Banking Co.*, 11 Bush. 180; *Montgomery* v. *Crossthwait*, 90 Ala. 553; *Seaton* v. *Scovill*, 18 Kans. 433; *Trader* v. *Chidester*, 41 Ark. 242; *Wilson Sewing Mach. Co.* v. *Moreno*, 7 Fed. Rep. 806; *Merchants' Nat. Bank* v. *Sevier*, 14 Fed. Rep. 671; *Schlesinger* v. *Aline*, 31 Fed. Rep. 648; *Howenstein* v. *Barnes*, 5 Dill. 482; *Adams* v. *Addington*, 16 Fed. Rep. 89; and among the State decisions holding this doctrine, we have several decisions of the appellate courts of the State of Texas. It was so held in the cases of *Roberts* v. *Palmore*, 41 Texas, 617; *Miner* v. *Exchange Bank*, 53 Texas, 559.

It is apparent from the face of the note that it was made in Texas, and that it was made payable at Galveston in that State. The law of the State of Texas determines the question as to whether the note be negotiable or not ; and being negotiable by the law of Texas, it must be treated as negotiable here, and the plaintiff is therefore entitled to sue on the note as indorsee. This is a principle well settled by many decisions in the interstate commercial law, and it is simply the application of the firmly established doctrine of the *lex loci contractus.*

It is laid down by writers on the conflict of laws, as a settled principle, that the mode or custom of negotiation that obtains in any particular country, as to the form, and the effect thereof, the rule *locus regit actum.* prevails. Whart., Confl. of Laws, secs. 448, 449 ; Sto. Confl. Laws,

sec. 317. The law determining the obligation of the acceptor of a bill of exchange or the maker of a promissory note, is the law of the place of payment of such instruments; and if qualified by such local law it is qualified everywhere; and so, if absolute by such law, it is absolute everywhere. The general principle is, that the *lex loci contractus* controls in all matters relating to the execution, the nature, construction and validity of the contract, but the mode of suing, and the time of suing, must be governed by the law of the *forum* where the action is brought; and all matters relating to its performance are controlled and regulated by the law prevailing at the place of performance. *Scudder* v. *Union National Bank*, 91 U. S. 406, 411, 412; Whart. Confl. Laws, sec. 450. Therefore, where a negotiable promissory note is made in and according to the law of one State, and there payable, though indorsed in another State, the liability of the maker to the indorsee is determined by the law of the State where made and to be performed. *Woodruff* v. *Hill*, 116 Mass. 310; Whart. Confl. Laws, sec. 451. In this case, as we have seen, the note was made, and made payable, in the State of Texas, and therefore the liability thereon as between the maker and the indorsee thereof, is governed by the law of the State of Texas.

With respect to another error assigned, that in regard to the rate of interest that the judgment is made to bear from the date of its rendition, we think is not maintainable. It is difficult to perceive in what way this question is properly presented, there being no motion or other application on the part of the defendant, to draw into question the right of the court below to allow such interest in the rendition of the judgment, after the overruling of the demurrer to the declaration. Without, however, determining that the question is not before us, we think there was no error in the judgment as rendered. The rate of interest fixed by the note is eight per cent., and that rate is allowed by the law of the State of Texas. The judgment is rendered for the

amount of the principal sum for which the note was given, with interest thereon at the rate of eight per cent. per annum, from the date of the note *until paid,* that being the term of the note.   In this there was no error.   *Shepherd* v. *Pepper,* 133 U. S. 626, 654.

The judgment must be affirmed.

*Judgment affirmed.*