HERBERT E. LAW, Appellant, v. R. O. CRAWFORD *et al.*, Respondents.

Kansas City Court of Appeals, June 15, 1896.

1. **Pleading**: CONTRACTS: ALTERATION: NON EST FACTUM. An alteration of a contract operates as a discharge if it varies to any degree the legal effect of the instrument; and the answer in this case is *held* sufficient as a plea of *non est factum*.

2. ———: INTERPRETATION. The language of a pleading should be taken in its plain and ordinary meaning and interpreted as the pleader appears to have intended to use it.

3. **Bills and Notes**: CONTRACT: ASSIGNEE. A paper set out in the opinion is *held* not to be negotiable and that the assignee holds it subject to all the equities existing between the maker and the assignor.

4. **Conflict of Laws**: LAW OF A SISTER STATE: NEGOTIABILITY. Though a contract is to be performed wholly in a sister state, yet, when suit is brought in this state unless the laws of such state are affirmatively proven at the trial, the courts will presume the laws of that state to be the same as our own; and the law of the forum would determine the negotiability of the instrument sued upon.

5. **Instructions**: HARMLESS. Appellant can not complain of instructions that are not harmful to him.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*R. N. Banister* and *C. A. Ragland* for appellant.

(1) The general denial portion of the answer only put in issue plaintiff's title to the note and the genuineness of the indorsement. *Worrell v. Roberts*, 58 Mo. App. 198; *Cavit v. Thorp*, 30 Mo. App. 131. And verification did not change its distinctive character. (2) The second defense is not *non est factum*. Mark

the language of the answer: "Defendants further say
that they did not then or at any other time execute the
note filed with plaintiff's suit, in its present form, and
that if they ever signed said paper so filed, it was when
signed, attached to, and a part of, the contract by
them executed," etc.   We submit that by all rules of
philological construction—grammatical and rhetorical
—the plain intent and meaning of this language is,
they did sign the note, but when they signed it it was
a part of, or attached to, another paper, and, "after-
ward wrongfully and fraudulently detached,". etc.
This is a clear instance of negative pregnant.   Stephens
on Pleading [9 Am. Ed.], top page 380, *et seq.;* 18
Am. and Eng. Encyclopedia of Law, 574.   (3) Instruc-
tion number 1, requested by plaintiff and refused by
the court, properly declared the law of the case.   It
was fully supported by the evidence.   *Bank v. Stanley*,
46 Mo. App. 440; *Shirts v. Overjohn*, 60 Mo. 305;
*Cannon v. Moore*, 17 Mo. App. 92; *Hamilton v. Marks*,
63 Mo. 167; *Edwards v. Thomas*, 66 Mo. 468; *Bank v.
Clark*, 52 Mo. App. 593.   (4) No questions were raised
in any way as to the negotiability of the note, on
account of the clause providing for an attorney's fee,
etc., and this court will review this case on the same
theory.   *Whitstone v. Shaw*, 70 Mo. 575, 580;   *Walker
v. Owen*, 79 Mo. 563; *Holmes v. Braidwood*, 82 Mo. 610,
617; *Fell v. Mining Co.*, 23 Mo. App. 216, 224; *Nickey
v. St. Louis*, 35 Mo. App. 79.   The note being pay-
able in Illinois, the law of that state applies as to nego-
tiability.   10 Wis. 333;   78 Ill. 558.   Under the deci-
sions of Illinois, the note, although containing the
clause above, is negotiable.   *Nickerson v. Sheldon*, 33
Ill. 372; *Clawson v. Munson*, 55 Ill. 394; *Dorsey v.
Wolff*, 142 Ill. 589; *Barton v. Bank*, 122 Ill. 352.   And
plaintiff could have easily met such an issue by intro-
ducing in evidence these decisions.   Illinois is a part

of the territory acquired from England, and the common law is presumed to be in force there. *Myer v. McCabe*, 73 Mo. 236; *Warren v. Lusk*, 16 Mo. 102; *Hofheimer v. Losen*, 24 Mo. App. 652.

SMITH, P. J.—This is an action that was brought on the following instrument of writing:

"$500.00.          CHICAGO, ILL., August 4, 1890.

"On demand, after date, for value received, I promise to pay to the order of the Interstate Publishing House five hundred dollars, at the office of said house, in Chicago, with interest at six per cent per annum, after due, until paid.

"And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue hereof.                    R. O. CRAWFORD.

(Signed)                    "F. K. CRAWFORD."

The answer alleged that the defendant, R. O. Crawford, was appointed as general agent for said Interstate Publishing House, within certain designated territorial limits, and that he, as principal, and the other defendant, F. K. Crawford, as surety, executed and delivered to said Interstate Publishing House an obligation conditioned for the faithful performance of the duties of the said R. O. Crawford, as general agent of said Interstate Publishing House. The answer further denied that defendants, at any time, executed

the instrument sued on, in its present form, but alleged that when signed it was a part of said agreement and has since been fraudulently detached therefrom, with the intent to cheat and defraud defendants, etc. There was a trial and judgment for defendants and plaintiff appealed.

The plaintiff contends that the answer did not sufficiently plead the defense of *non est factum*. An alteration of a contract is said to operate as a discharge of it. 2 Parsons on Cont. 853. If an alteration is fraudulently made and with the view to gain any improper advantage, it is right that the fraudulent party should lose wholly the right to enforce his original contract in a court of law. The test is, intent to defraud. 2 Wharton on Cont., sec. 696. An alteration which to any degree varies the legal effect of the instrument, to the prejudice of the other party, releases the latter from it, though no actual fraud is meditated; the alteration is a fraud in law, where not a fraud in fact. Bish. on Cont., sec. 755, and cases cited. The answer, in legal effect, alleges that the written agreement, which was in the nature of a contract of indemnity, had been fraudulently altered and changed from its original condition into that sued on—into a direct obligation for the payment of money. If this allegation were true, the instrument sued on, according to the rules just stated, was void and not the obligation of the defendants. The answer, we think, put in issue the execution of the instrument sued on. The general rule is, when a deed is void *ab initio* and not merely voidable, the plea of *non est factum* is proper; and the facts showing the instrument to be void may be given in evidence to sustain such plea. *Corby v. Widdle*, 57 Mo. 452; *Bottomly v. U. S.*, 1 Story, 135. Perhaps the denial in the answer of the execution of the instrument sued on is so inartistically pleaded as to impliedly

admit what is apparently controverted.  A denial that is evasive, or ambiguous, is faulty in form.  But a negative pregnant in this state is treated as an informality only.  *Bank v. Richards*, 6 Mo. App. 454; McQuillin, Pl. & Pr., sec. 364.  In determining the effect of a pleading, its language should be taken in its plain and ordinary meaning and such interpretation given to it as fairly appears to have been intended by the pleader.  *Stillwell v. Ham*, 97 Mo. 579.

When tested by these rules, we think the denial pleaded was in every respect sufficient.  The instrument sued on was, under our law, neither a bond, bill of exchange, nor promissory note.  *Bank v. Gay*, 63 Mo. 33; *Samstag v. Conley*, 64 Mo. 476; *Bank v. Marlow*, 71 Mo. 618; *Storr v. Wakefield*, 71 Mo. 623.

The obligation imposed by the instrument was to be performed in the state of Illinois, but as the laws of that state do not appear to have been affirmatively proved in the court below, we must presume the laws of that state to be the same as our own.  *Flato v. Mulhall*, 72 Mo. 522; *Hardware Co. v. Lang*, 54 Mo. App. 147; *Waite v. Bartlett*, 53 Mo. App. 378; Randolph on Com. Paper, sec. 34.  The law of the *forum* must govern us in passing upon the question of the negotiability of the instrument.  Since it is not a "courier without luggage," the plaintiff, who is no more than an assignee, took it subject to any defense that the defendants could have made, had the assignee sued instead of the plaintiff.  It is subject, in the hands of the plaintiff, to the same equities that existed between the original parties.  Randolph on Com. Paper, sec. 177.  If the assignor had sued on the instrument "in its present form," it would have been a sufficient answer for the defendants to have said: "The instrument on which you have sued was signed by us, but it is not the agreement in its entirety which we entered

into with you. It is only part of that agreement which you have wrongfully detached, with the intent to defraud us. We did not enter into this obligation to you for the direct payment of money. 'For these reasons the instrument is void.'' And as against the plaintiff assignee, a like defense will avail. The rule of law that affords protection to an innocent purchaser of negotiable paper, for value, without notice, before maturity, has no application to a case like this. Nor does the question of negligence on the part of the defendants in signing the instrument arise in the case. If the instrument sued on was procured by the fraud of the assignor, it will avail him, or his assignee, nothing that the defendants were not as diligent as an ordinarily prudent man would have been in scrutinizing the agreement which the assignor himself prepared for the defendants to sign. It is no defense that the defendants, for want of vigilance, were entrapped into signing an instrument that was susceptible of so marvelous a transformation in the hands of the holder.

The plaintiff's second instruction would perhaps have been well enough had the instrument sued on been a negotiable obligation. *Bank v. Stanley*, 46 Mo. App. 440; *Bank v. Clark*, 52 Mo. App. 593; *Cowgill v. Petifish*, 51 Mo. App. 264; *Frederick v. Clunes*, 60 Mo. App. 313; *Shirts v. Overjohn*, 60 Mo. 305; *Hamilton v. Marks*, 63 Mo. 167. But the rule enunciated can have no application in the present case, where the instrument is not negotiable in its character. The evidence adduced in support of the defense pleaded is, in some respects, quite slight, yet it, with the inferences deducible therefrom, was sufficient, we think, to carry the case to the jury, whose verdict is conclusive on us.

The instructions given for defendants were not as broad and comprehensive as the defense pleaded, yet this was not harmful to the plaintiff.

An examination of the entire record has not satisfied us that the court committed any error at the trial that was prejudicial to the substantial rights of the plaintiff. The judgment will be affirmed. All concur.