MASON CREASY, Appellant, v. SAMUEL GRAY, Respondent.

**St. Louis Court of Appeals, April 9, 1901.**

1. **Promissory Note:** NON-NEGOTIABLE: ATTORNEY'S FEES FOR COLLECTING NOTE: CONSIDERATION. Where a note provides that if its collection is enforced by law, the maker agrees to pay ten per cent of the amount due (principal and interest) as an attorney's fee, the note is not a negotiable promissory note, and the plaintiff holds the same subject to an inquiry into the validity of the consideration.

2. **Warranty.** The adaptation of machinery to the use for which it is made is always warranted.

3. **Instruction:** CONTRACT OF SALE. In the case at bar, an instruction, properly declared the law which in effect told the jury that if, in 1898, the agent of the McCormick company went to defendant's and undertook to work the binder and carrier together and could not make them work, and advised the defendant to have nothing more to do with the machine, and that thereafter defendant did not use or attempt to use the machine, that the contract of sale was rescinded and defendant released of any liability on his note given for said machinery.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The suit is on the following promissory note:
"Centralia, Mo., August 13, 1897.
"On or before the first day of January, 1899, for value received I promise to pay to the McCormick Harvesting Ma-

Creasy v. Gray.

chine Company (a corporation organized and existing under the laws of the State of Illinois, and having its chief office and place of business in the city of Chicago, county of Cook, State of Illinois), or order, at Centralia, Missouri, one hundred and twenty dollars, with interest at six per cent per annum from November 1, 1897, until due; eight per cent per annum thereafter until paid. If the collection of this note is enforced by law I promise to pay ten per cent on the amount of the principal due thereon in addition thereto, as ascertained and liquidated damages for attorney's fees in collecting the same.

"Postoffice, Centralia.

County - - Boone.

State - - - Missouri.

1-2 mile north.

— mile south.

1 1-2 miles east; — mile west.

"Section, —; Township —; Range —.

(Signed) "SAM GRAY.

"Indorsement.

"Without recourse.

"McCormick Harvesting Machine Company.

"By W. H. TOWN, Gen. Agt."

The defense was failure of consideration.

Appellant read the note and the assignment thereon, proved that he took it for value before maturity and without notice of any infirmities, and rested.

Defendant offered evidence tending to prove that he bought of the McCormick Harvesting Machine Company a corn binder and bundle carrier for one hundred and twenty dollars; that the binder was delivered to him in 1897; that the bundle carrier was not delivered with the binder, and that he kept the

binder and executed the note in suit on the express promise of the agents of the McCormick company, that they would furnish him the bundle carrier in a short time; that he used the binder to harvest his crop in the fall of 1897; that in the fall of 1898 the bundle carrier was furnished him by an agent of the Mc-Cormick company; that he attached it to the binder, but it would not work and that the agent of the McCormick company could not make it work, and that it was a complete failure, and that after the trial he then told the agent of the company that he would not have the machine without the bundle carrier, and hauled the machines up against the fence and left them standing there, and that they were there at the time of the trial; that the McCormick company never agreed to take the machine back; that with a successful bundle carrier the machine was worth all he agreed to give for it, but worthless to him without the carrier.

In rebuttal, plaintiff offered evidence tending to prove that defendant bought the binder without the carrier for one hundred and twenty dollars, and after trying the machine, gave his note for the purchase price, and that he gave a written order for the machine without the carrier, which order was lost; that the order contained a written guarantee of the binder, and that defendant was informed when he bought the binder that if he wanted a bundle carrier, he would have to pay five dollars extra for it; that the carrier did not form any part of the binder but was a separate machine to be attached to the binder when wanted.

*Robertson & Barnes* for appellant.

The note is negotiable. The condition for an attorney's fee of ten per cent of the principal amount, in the event collection "is enforced by law," as ascertained and liquidated

damages for attorney's fee is a provision of the contract providing that the holder of the note shall collect his attorney's fee off of the maker, and is thereby void.    Paddock v. Railroad, 155 Mo. 587; Railroad v. Ellis, 165 U. S. 150.    While it has been held in this State (Samstag v. Conley, 64 Mo. 476, and other cases) that the provision for attorney's fees in a note destroys its negotiability, we are unable to find any Missouri cases where the point is directly decided that such a provision in a note is valid.    The stipulation for attorney's fees is invalid as contrary to public policy.    Bullock v. Taylor, 39 Mich. 140; State v. Taylor, 10 Ohio 378; Dow v. Updyke, 11 Neb. 97; Witherspoon v. Musselman, 14 Bush, 214; Tinsley v. Hoskins, 111 N. C. 340.

*P. H. Cullen* and *W. A. Edmonston* for respondent.

Where a note contains an agreement, that, in case it is not paid at maturity an additional sum shall be paid as an attorney's fee, its negotiability is destroyed.    Bank v. Gray, 63 Mo. 33; Bank v. Marlow, 71 Mo. 618; Bank v. Goy, 71 Mo. 627; Bank v. Jacobs, 73 Mo. 35; Clark v. Barnes, 50 Mo. App. 637; Samstag v. Conley, 64 Mo. 476; McCoy v. Green, 83 Mo. 626; Tiedeman on Commercial Paper (1 Ed.), 28b.

BLAND, P. J.—To the admission of defendant's evidence, the plaintiff objected on the ground that plaintiff was an innocent holder of the note for value before maturity, and that the consideration could not be inquired into.    The court overruled the objection, holding the note to be non-negotiable.    This ruling is assigned as error.

It will be discovered from an inspection of the note that it provides that if its collection is enforced by law, the maker agreed to pay ten per cent of the amount due (principal and

interest), as an attorney's fee. In McCoy v. Green, 83 Mo. loc. cit. 633, it was said of a note containing a similar contract: "This, under the well-settled law of this State, is not a negotiable promissory note, and the plaintiff holds the same subject to an inquiry into the valdity of the consideration." Bank v. Jacobs, 73 Mo. 35; Bank v. Gay, 71 Mo. 627; Bank v. Marlow, 71 Mo. 618; Bank v. Gray, 63 Mo. 33; and Clark v. Barnes, 58 Mo. App. 667, support McCoy v. Green, supra. The element of uncertainty, as to the amount that might become due on the paper, destroys its negotiable character. 1 Parsons on Bills and Notes, 37; Tiedeman on Commercial Paper, 286.

II.    Plaintiff assigns as error the giving of the following instruction for defendant: "Even though the jury may believe that the defendant, in July, did give an order to the McCormick Machine Company for a corn harvester without a bundle carrier, yet if you further believe that on or about the thirteenth day of August, 1897, when said harvester arrived at Centralia, he refused to receive the same and so informed the agents of the said company, and that thereupon the said company through its agent, Burks or Sprowl, informed the defendant that if he would take said machine out he would be supplied with a bundle carrier, and on said statement the defendant received and removed said machine, then there was a sale to him of a harvester with a bundle carrier; and if you believe said bundle carrier was not delivered to Gray within a reasonable time after said sale, he is not bound on said note if he offered back to McCormick's agents the machinery he received from them." The contention is that there is no evidence that the bundle carrier was warranted to do any particular kind of work. The instruction was drawn on the hypothesis that the binder and carrier were both contracted for and agreed to be furnished at the same time and that the reception of the binder

was with the understanding that the carrier would be furnished also. The plaintiff's testimony is that the binder was expressly warranted to do satisfactory work—the two when combined were designed to harvest, bind and bunch the corn ready to be set up in shocks; it was on the representations of the McCormick company, through its agents, that this would be done by combining the two machines, that the defendant, according to his evidence, was induced to make the purchase of both machines. The one was expressly warranted, the other, if not expressly warranted, was sold to do a particular work, to-wit, to bunch the bound bundles of corn, that it would reasonably accomplish the purpose for which it was constructed and sold, the law implies a warranty. Comings v. Leedy, 114 Mo. loc. cit. 478; Armstrong v. Johnson, 41 Mo. App. 254; Lee v. Sickles Saddlery Co., 38 Mo. App. 201; Benjamin on Sales, secs. 987-988.

III. Plaintiff assigns as error the giving of the fourth instruction for defendant: "The jury is instructed that if they believe from the evidence that the McCormick Machine Company, through either or both of its agents, Burks and Sprowl, agreed to sell and deliver to the defendant a corn harvester with a bundle carrier attachment, and that the said machine company failed to deliver to defendant the bundle carrier within a reasonable time after the sale of the same, then the defendant was not bound to take the said machinery and had a right to rescind said sale, and if the jury believe he did rescind said sale and offered to return said machinery to said company and demanded the return of his note, then your verdict will be for the defendants." The defense was, not that the carrier was not delivered within a reasonable time, but that after delivery and after trial, it was found to be worthless, and this instruction is, therefore, not in accord with the evidence, nor with any theory of the defense and should not have been given, but we

think the error a harmless one as the jury could not have been misled by it.

IV. Exceptions to the sixth instruction for defendant were saved at the trial and were urged here for a reversal of the judgment. The instruction is as follows: "The court instructs the jury that a contract of sale between the vendor and vendee becomes executed, not upon delivery of the chattel to the vendee, but upon its acceptance by him, and in this case, if you believe from the evidence that the defendant Gray never agreed to accept and retain as his own, any part of the machinery delivered to him, then there was no sale, notwithstanding the whole or any part of said machinery was delivered to him and retained in his possession from August 13, 1897, to this date, and in this connection the jury are further instructed that so long as the contract of sale is executory, the vendee is not bound to accept a chattel which is different from the one sold, whether the difference be one of kind, quality or quantity; and, therefore, if you find the defendant never accepted as his own the harvesting machine, and the McCormick company never tendered him such machine and carrier as it contracted to furnish him, and he never accepted what they tendered, then there was no sale and the note is without consideration and the verdict must be for defendant." The evidence of defendant was that he bought both machines for one hundred and twenty dollars, and gave the note in suit for the purchase price, that the binder was delivered at one time and the carrier at a later date. According to this evidence, the contract remained open and executory until both machines were received and accepted by the defendant. And, after their delivery, he had a reasonable time to test them before being compelled to accept them, for the reason they were sold on a warranty to do the work for which they were constructed, which could only be ascertained by trial. 1 Benjamin on Sales, sec. 703; Lamar W. E. & L. Co. v. City

of Lamar, 140 Mo. 145. And he had the right to test both machines before accepting either, if they were bought together to be operated in combination, before rescinding or offering to rescind the contract.

The evidence of defendant is that when he made a test of the carrier, he found it to be a total failure and worthless for the purpose for which it was designed, and that when he ascertained this fact he at once notified the agent of the McCormick company of the worthlessness of the carrier and that he would not accept either machine. Under this state of the evidence there was no acceptance of the machinery by the defendant and no sale of either the binder or carrier. The instruction was drawn to express this view of the law and is substantially correct.

V. The objection to the seventh instruction is answered by a restatement of the law that the adaptation of machinery to the use for which it is made is always warranted. Comings v. Leedy, Lee v. Sickles Saddlery Co., supra.

VI. There was no conflict between the seventh instruction for defendant and those given for plaintiff. Plaintiff's are predicated on his contention that the carrier was not sold with the binder, the defendant's on his contention that the sale was of both machines.

VII. The ninth instruction in effect told the jury that if in 1898 the agent of the McCormick company went to defendant's and undertook to work the binder and carrier together and could not make them work, and advised the defendant to have nothing more to do with the machine, and that defendant thereafter did not use or attempt to use the machine, that the contract of sale was rescinded and defendant released of any liability on his note. If the agent of the McCormick company had authority to rescind the contract—and his authority to do so is not challenged by the plaintiff—there is evidence in the re-

cord to support the instruction, and while it is somewhat vague and not as complete and definite as it should have been drawn, we do not think that it furnishes any substantial ground for reversal, and affirm the judgment.    All concur.

