L. N. BUCK, Appellant, v. S. P. HARRIS, Respondent.

**Kansas City Court of Appeals, May 6, 1907.**

1. **BILLS AND NOTES: Negotiability: "With Exchange."** Where an otherwise negotiable note calls for exchange, such call would render it non-negotiable; but where the place of payment is at the payee's office the words are meaningless and do not destroy the instrument's negotiability.

2. ———: ———: **"With Collection:" Construction.** The negotiability of a note is destroyed by adding "with collection" to its face, since this adds reasonable and customary charge for collection and to that extent makes the amount uncertain.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*L. N. Buck* for appellant.

(1) The note was properly indorsed and transferred to appellant. Mayer v. Old, 57 Mo. App. 639; Bank v. Stoneware Co., 4 Mo. App. 276; Bank v. Fesler, 89 Mo. App. 217. (2) The note is a negotiable promissory note. Randolph on Com. Paper, sec. 201; Daniel on Neg. Inst. (4 Ed.), sec. 54; Bank v. Goode, 44 Mo. App. 129; Hill v. Todd, 29 Ill. 101; Nicely v. Bank, 18 Ind. App. 30; Clauser v. Stone, 29 Ill. 114. (3) In the promissory notes, discussed in law books, the word "collection" is invariably associated with some other word like "costs" or "fees" to give it meaning. It is used as an adjective to describe these words in such expressions as "collection costs" or "collection fees" or as a noun in the genitive to limit their meaning in such expressions as "costs of collection," "fees of collection." Norton on Bills and Notes (2 Ed.), p. 55; Daniel on Neg. Inst. (4 Ed.), sec. 62; Randolph on Com. Paper, sec. 205; Nicely v. Bank, 15 Ind. App. 563; Missouri cases cited herein.

*John Cosgrove* for respondent.

(1) The president of the music company could not delegate his official authority to his wife; and, if such authority could be delegated, authority therefor must have been duly granted by the board of directors, or governing body of the corporation. The authority of officers or employees of a corporation is derived from the board of directors, or governing body, unless conferred by the charter of the corporation. 21 Am. and Eng. Ency. of Law (2 Ed.), 852; Stifel v. Cooperage Co., 38 Mo. App. 340; Mecham on Agency (1 Ed.), sec. 191. (2) J. M. Martin, president of the Martin & Vernon Music Company, had no right to transfer and dispose of the note in suit without some authority so to do from the board of directors of the company of which he was president. Bank v. Fesler, 89 Mo. App. 217; Ferguson

v. Transportation Co., 81 Mo. App. 664; Paper Co. v. Haskell, etc., Co., 144 Mo. 331; Bank v. Hill, 148 Mo. 380. (3) The note in suit was not a negotiable promissory note under the statutes of this State in force at the time the note was executed, nor at the date it was delivered to plaintiff. The words "with exchange and collection. Payable at their office" destroyed its negotiability. Chandler v. Calvert, 87 Mo. App. 368; Chauteau v. Allen, 70 Mo. 339; Bank v. Fesler, 89 Mo. App. 217; Bank v. Jacobs, 73 Mo. 35; Bank v. Bank, 114 Mo. App. 663; Pace v. School, 118 Mo. App. 369.

ELLISON, J.—This is an action on what is alleged to be a negotiable promissory note of which plaintiff was endorsee. The judgment in the circuit court was for the defendant. It is not necessary to make any further statement of the case than that if the instrument is considered not to be a negotiable note, plaintiff cannot recover, for the reason that defendant made payment thereof to the payees, without notice of its having been transferred to plaintiff. It reads as follows:

"75.00           Kansas City, Mo., Jan. 19th, 1904.
    "Twelve months after date I promise to pay to the order of Martin & Vernon Music Co., Kansas City, Mo., seventy-five and no-100 dollars for value received and payable without defalcation or discount, and with interest from date at the rate of six per cent per annum, with exchange and collection. Payable at their office.
                              "S. P. HARRIS."

The point made against the paper being negotiable is based on the words "with exchange and collection." The words "with exchange" would destroy its negotiability were it not for the fact that it was drawn and made payable at the same place and therefore there could not be any exchange, and that word is without meaning. [Chandler v. Calvert, 87 Mo. App. 368; Bank v. Bank, 114 Mo. App. 663.]

The paper is then left with a promise to pay the amount stated therein with the interest named and "with collection." Plaintiff contends that the words quoted are meaningless and hence should not affect the commercial quality of the instrument. We think that not a fair and reasonable interpretation. A fundamental rule of construction of contracts is to give some effective meaning to words, or phrases, when it can be done. If a contract reads for the payment of money "with interest," every one would interpret it to mean with a charge of interest (at the legal rate). If a note or bill reads for the payment of money "with exchange," every one interprets it to mean with a charge for exchange at current or customary rate. So we say that the contract in this case reading "with collection," should be interpreted to mean, with a charge for collection, that is to say, a reasonable and customary charge for the nature of the collection which may be necessary. While not so in many others, yet in this State, if there is a provision for charges for collection the contract is not negotiable. It is considered that the payment of the principal sum is connected with another and uncertain sum and therefore, while the contract is valid, yet it is not considered to be a negotiable note. [Bank v. Gay, 63 Mo. 33, 71 Mo. 628; Bank v. Marlow, 71 Mo. 618; Samstag v. Conley, 64 Mo. 476; Bank v. Jacobs, 73 Mo. 35. The only difference we can discover between those cases and the one under consideration is that in those, the contract is specific, while in this it is general; but if we have given the proper meaning to the words there can be no difference in the effect resulting. We therefore consider the contract not a negotiable note and affirm the judgment. All concur.