H. C. COWGILL, Appellant, v. J. PETIFISH, Respondent.

Kansas City Court of Appeals, November 14, 1892.

1. **Bills and Notes:** SIGNATURE SECURED BY FRAUD: MAKER'S NEGLIGENCE. Where a maker of a promissory note was possessed of the ordinary faculties, was able to read and write, and did read a portion of the papers then signed, but trusted to the representations of a stranger as to the contents of the note in suit, he cannot be heard to impeach its validity in the hands of a *bona fide* holder.

2. ———: MAXIM AS TO FALLING OF LOSS. If one of two innocent parties must suffer, the loss will be visited upon him whose negligence has brought it about.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED (*with directions*).

*Thomas. & Hackney*, for appellant.

On the undisputed testimony of plaintiff and defendant, the court should have given the peremptory

instruction directing a verdict for plaintiff as prayed. *Bank v. Stanley,* 46 Mo. App. 440; 1 Daniel on Negotiable Instruments [4 Ed.] sec. 850.

*Gray & Young,* for respondent.

The court did not err in refusing the instructions asked by plaintiff as they were not predicated upon the evidence. There was no evidence that the defendant relied upon the statements of the agent of Pallett & Co., as to the nature of the instrument he was signing; but the evidence uncontradicted is that he read everything he signed carefully before signing. *Miller v. Railroad,* 90 Mo. 389; *Willis v. Stevens,* 24 Mo. App. 494; *McMurray v. Martin,* 26 Mo. App. 437.

GILL, J.—This is an action on a negotiable promissory note purporting to have been executed by defendant Petifish, at Carthage, Missouri, December 20, 1889, whereby defendant promised, one year after the date thereof, to pay to the order of W. B. Pallett & Co. the sum of $125. The defendant interposed the defense of *non est factum,* but at the trial admitted the signature to the instrument to be his and sought to show that he was fraudulently induced to sign the paper by an agent of the payees; that said agent procured defendant's signature to the note on the pretense that it was a duplicate copy of a contract appointing defendant the agent of said Pallett & Co. for the sale of a. patent fence. It stands undisputed that plaintiff Cowgill is a *bona fide* purchaser of the note before maturity and for value. The cause was tried before a jury, with verdict and judgment for the defendant, and plaintiff has appealed.

After a careful review of the evidence—that contained in the abstract furnished by plaintiff, as well as

that in defendant's supplemental abstract—it appears to us that defendant failed entirely to make any legal defense, and that the trial court ought to have given a peremptory instruction to find for the plaintiff. From defendant's statement of the circumstances attending the execution of this note it clearly appears that he carelessly and negligently put his name to a negotiable instrument, the contents of which he knew not, but the tenor of which he had full and unrestricted means of ascertaining. This paper he signed, and gave into the hands of an entire stranger, who soon thereafter sold and transferred it to this plaintiff, an admitted purchaser in good faith.

Briefly stated, the evidence for defendant shows that a party (an entire stranger to defendant and claiming to be the representative of Pallett & Co., fence manufacturers) approached defendant and induced him to undertake the agency for the sale of a patent fence in defendant's vicinity. After some negotiation defendant consented, and the stranger submitted some papers to be signed, which it was said was only a contract of agency, and which defendant was asked to sign in duplicate. Defendant examined, he says, one of these papers and then signed two, believing on the representations of the stranger that he had signed the one instrument—the agency contract—in duplicate, and nothing else. It is clear, however, that one of the instruments thus executed was the negotiable instrument here sued on. Defendant was possessed of the ordinary faculties, was able to read and write, and did read a portion of the papers then signed, but trusted to the representations of the stranger as to the contents of the instrument now in controversy.

Now we had in *First Nat. Bank v. Stanley*, 46 Mo. App. 440, facts similar to those here to deal with, and we quote here as there: "That where it appears that the

party sought to be charged intended to bind himself by some obligation in writing and voluntarily signed his name to what he supposed to be the obligation he intended to execute, having full and unrestricted means of ascertaining for himself the true character of such instrument before signing the same, but by the failure to inform himself of its contents, or by relying upon the representations of another as to the contents of the instrument presented for his signature, signed and delivered a negotiable note in lieu of the instrument intended to be signed, he cannot be heard to impeach its validity in the hands of a *bona fide* holder."

The courts thus give full scope to that just rule, that, if one of two innocent parties must suffer, the loss will be visited upon him whose negligence has brought it about. This now is the prevailing rule in such cases. 1 Daniel on Negotiable Instruments [4 Ed.] sec. 850. The defendant had abundant opportunity of knowing the contents of the instrument he signed. He carelessly failed to avail himself thereof, and it would now be manifest injustice to permit him to defeat the note in the hands of this innocent holder who paid value therefor.

The judgment will then be reversed, and the cause remanded, with directions to the lower court to enter a judgment for the plaintiff for the amount of the note, interest and costs. All concur.