CHAMBERLAIN BANKING HOUSE, Appellant, v. M. E. NOBLE, Respondent.

Kansas City Court of Appeals, November 5, 1900.

Bills and Notes: FRAUD: INSERTION OF NEW CONTRACT: IN-NOCENT PURCHASER. Where a party tears off the contract made with another from the signature of such other and writes over the signature a promissory note, there is no liability on the paper so forged—not even to one purchasing in good faith and for value. Cowgill v. Petifish, 51 Mo. App. 264, distinguished.

Appeal from the Atchison Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*Hunt* and *Bailey* for appellant.

(1) The pleadings admit that the plaintiff was an innocent purchaser for value before maturity, and the court erred in not giving instruction number 1 asked by plaintiff.   Cowgill v. Petifish, 51 Mo. App. 264; Emmert v. Meyer, 65 Mo. App. 609.   (a) And where the verdict, as in this case, is absolutely without proof to sustain it, the court should grant a new trial.   Spooner v. Railway, 23 Mo. App. 403; Wight v. Railway, 20 Mo. App. 481.   (b) And a verdict not supported by substantial evidence should be set aside.   Brewing Co. v. Bodermann, 12 Mo. App. 573.   (c) It is error to refuse a new trial when the preponderance of the evidence is so strong as to raise a presumption of prejudice, or gross ignorance on the part of the jury.   In this class of cases there is no doubt about the prejudice of a jury.   Populism will not give a bank justice.   Walton v. Railroad, 49 Mo. App. 620; Price v. Evans, 49 Mo. 396; Spohn v. Railroad, 87 Mo. 74; Lionberger v. Pohlman, 16 Mo. App. 392; Hipsley v. Railway, 88 Mo. 348.   (2) Where the payee of a note parts with it for a good consideration, before maturity, it is even good against a payment made by the maker before the transfer. Kellogg v. Morgan, 45 Mo. App. 245.   (a) The contract of the maker of a negotiable note is that he will pay the note at maturity to any *bona fide* indorsee for value before maturity. Mayes v. Robinson, 93 Mo. 114; Jennings v. Todd, 118 Mo. 304; Bank v. Frame, 112 Mo. 514; Patterson v. Booth, 103 Mo. 416.   (b) And mere possession of an indorsed negotiable note imports that the holder acquired it *bona fide*. Corby v. Butler, 55 Mo. 398; Horton v. Bayne, 52 Mo. 531; Bank

v. Stanley, 46 Mo. App. 449; Cloud v. Book & News Co., 23 Mo. App. 319. (3) Nothing but fraud shown upon the part of this plaintiff, in acquiring the note sued on, can defeat plaintiff's recovery. Bank v. Pipkin, 66 Mo. App. 592; Bank v. Schoen, 56 Mo. App. 167; Bank v. Stanley, 46 Mo. App. 448; Cloud v. Book & News Co., 23 Mo. App. 319; Bank v. Stoneware Co., 4 Mo. App. 276; Jennings v. Todd, 118 Mo. 296. The case of Hamilton v. Marks, 63 Mo. 167, and Edwards v. Thomas, 66 Mo. 468, overruled Hamilton v. Marks, 52 Mo. 78, and Edwards v. Thomas, 2 Mo. App. 282. (4) Where it appears that the defendant (as in this case) intended to bind himself by some obligation in writing, and voluntarily signed his name to what he supposed to be the obligation he intended to execute, having full and unrestrained means of ascertaining for himself the true character of such instrument before signing it, as in this case, but by his failure to inform himself of its contents, or by relying upon the representations of another as to its contents, signs and delivers a negotiable note in lieu of the instrument intended to be signed, he can not impeach its validity if plaintiff is a *bona fide* holder. 1 Daniel on Neg. Inst. (2 Ed.), p. 699, sec. 850; Shirts v. Everjohn, 60 Mo. 305; Frederick v. Clemens, 60 Mo. 313; Edwards v. Thomas, 66 Mo. 468; Cowgill v. Petifish, 51 Mo. App. 264, in point; Bank v. Clark, 52 Mo. App. 593; Bank v. Stanley, 46 Mo. App. 440; Bank v. O'Connel, 23 Mo. App. 165.

*L. D. Ramsay* for respondent.

(1) *Non est factum* is conclusively established by all the evidence in the case, and Cowgill v. Petifish, 51 Mo. App. 264, does not apply. In Emmert v. Meyers, 65 Mo. App. 609, the answer admitted the making and delivery of the note. In the case at bar both propositions are specifically denied under

oath. (2) Appellant's cases are all cases where the verdicts were for plaintiff without sufficient evidence. In the case at bar there was not sufficient evidence on the part of the plaintiff, but it matters not, as the finding was for the defendant. There is nothing in the testimony or in the finding to justify the appellant in insinuating that the jury are populists. (3) In the case at bar there not only was no note made at all, but the contract that was made was never delivered by respondent to M. E. Cowan, but it was agreed and understood by and between the parties that it was to be held by an outsider for both of the parties. Both witnesses swear to this fact and no one disputes it. Carter v. McClintock, 29 Mo. 464; Welch v. Dameron, 47 Mo. App. 224; Ayers v. Milroy, 53 Mo. 516.

GILL, J.—This is a suit on a promissory note purporting to have been executed by defendant to one Dr. M. E. Cowan who sold and delivered the same before maturity to plaintiff. The defense was a plea of *non est factum*. On a trial by jury there was a verdict and judgment for defendant and plaintiff appealed.

This is another instance of the traveling quack doctor going about the country and perpetrating his fraudulent schemes on credulous people. The evidence tends to show that one of these, calling himself Dr. Cowan, went to defendant in Atchison county and induced the latter to enter into an agreement for treating his wife. The price agreed on was $60—no cure, no pay. Cowan first requested the defendant to sign a three months note for the amount, but defendant refused. The so-called doctor then presented a blank contract wherein it was in effect provided that said Cowan would undertake the treatment and effect a cure for the sum mentioned, but if unsuccessful then nothing was to be charged. This contract was written on a sheet of paper and defendant signed the same, placing his signature under direction of the

doctor, below the writing and leaving a space where no matter appeared. In this condition the contract was delivered. It would seem from the evidence that thereafter Cowan took the paper, detached the lower portion, where the blank space and signature appeared, and thereon wrote an ordinary promissory note for $60, due in three months from date, and in this shape sold it to the plaintiff bank. There is nothing in the evidence or the circumstances detailed, to implicate plaintiff in any way in the forgery—it is conceded that the bank is an innocent purchaser for value.

At the trial the court, in effect, told the jury that if they found the facts as above stated then the verdict should be for defendant, even conceding that plaintiff was an innocent purchaser of the paper. The trial judge was clearly right. This is not a case where the defendant carelessly and without reading, signed a note negotiable in form and gave it into the hands of another who sold it to an innocent third party—as was the fact in Cowgill v. Petifish, 51 Mo. App. 264, and other cases cited and relied on by plaintiff's counsel. In those cases the defendants were held in a suit by an innocent indorsee because of their negligent omission to read and understand the nature of the paper signed—trusting to the mere representations of the fraudulent payee. But here the facts are quite different. If the evidence is to be credited, the defendant did read and understand the nature of the paper he was signing; but the party getting possession of the instrument proceeded to destroy it and tear away a portion and forge a different contract over and above the name of the defendant. In such cases there is no liability—not even to one purchasing the paper in good faith and for value. 1 Daniel on Neg. Inst., sec. 845 (4 Ed.).

The case was fairly tried, the judgment is for the right party and will be affirmed. All concur.