PETER GOSSIOS, Respondent, v. HANS WULFF. Administrator, Appellant.

St. Louis Court of Appeals.   Submitted on Briefs March 2, 1914.
Opinion Filed April 7, 1914.

EXECUTORS AND ADMINISTRATORS: Action Against Surviving Partner: Judgment: Disposition of Parties.   Where, in a proceeding in the probate court against a surviving partner, as administrator, for an allowance of a claim against the firm, based on a special deposit, and for an order directing payment by the surviving partner, as administrator, the petition did not name the widow of the deceased partner, nor state any cause of action against her, and although she was named in the notice of the claim, was not served and did not appear in the action, a judgment allowing the claim and directing the surviving partner to pay it was valid as against the objection that it did not dispose of the rights of the widow.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*Eldon J. Fisher* for appellant.

(1)  The notice served on Hans Wulff as surviving partner of the partnership of Stein and Wulff, is in the nature of a summons, as the process by which he was brought into court performs the function of an ordinary writ of summons in the circuit court.   In this notice, which performs the function of a writ of summons, Hans Wulff, as surviving partner, is jointly named as defendant with Mrs. George Stein.   The petition itself recites that Mrs. Stein was opposing payment of the claim.   The demand, therefore, was in the nature of a joint cause of action against Hans Wulff, as surviving partner, and the widow, Stein.   Jasper County v. Wadlow, 82 Mo. 172; Pomeroy v. Betts, 31 Mo. 419.   (2)  Inasmuch as no order was made· as to

Mrs. George Stein, no judgment taken against her in either court, neither court had the right to enter judgment against one of the joint defendants; and the judgment is, therefore, defective, and the judgment should be reversed and the cause remanded to the lower court with instructions to re-open the proceedings and finally dispose of the cause as to Mrs. George Stein. Deck v. Wright, 135 Mo. App. 536; Rock Island Imp. Co. v. Marr, 168 Mo. 252; Baker v. City of St. Louis et al., 189 Mo. 375.

*Ernest C. Dodge* for respondent.

REYNOLDS, P. J.—Plaintiff served notice on Hans Wulff, surviving partner of Stein & Wulff, and administrator as such, that at the opening of the probate court of the city of St. Louis, at the June term, 1912, of that court, he would present to the court a petition, of which a copy was attached, asking that the sum of $500 be paid him as having been a special deposit to secure against loss in the suit of Venittis v. Stopulous. The notice was addressed to appellant and to Mrs. George Stein, widow of the deceased partner. The petition accompanying this notice is entitled, "In the Estate of Stein & Wulff, No. 40545, Hans Wulff, Surviving Partner," and sets out that theretofore the plaintiff or petitioner had deposited with the firm of Stein & Wulff the sum of $500, evidenced by a receipt, a copy of which was set out, the latter acknowledging the receipt from Peter Gossios of $500, "as security in case of Venittis v. Stopulous, this to be returned when case is finished, and all liability in said case has ceased and all parties discharged and all costs paid." The petition further sets out that the petitioner had been appointed receiver in the case named, and had given bond; that expenses of the cases had been paid, allowances to receiver and his attorney paid and the balance due claimants paid and the receiver discharged. Al-

leging that Gossios, as receiver, had discharged all his duties as such and had complied strictly with the conditions of the bond and was entitled to have the $500 returned to him; that the demand had been made on the surviving partner as administrator for the payment of this money and that he had refused payment on account of certain claims being made by the widow of George Stein, deceased, and that he, as administrator, could only pay the money on the order of the probate court; that the surviving partner, as administrator, further admits that the sum of $500 was a trust fund for the specific purposes stated in the receipt and is not a claim in the nature of a demand against the estate and should be paid in full and credit taken in the settlement of the partnership estate, it is prayed that an order be made on the surviving partner to pay said sum of $500 to the petitioner, the administrator taking up the receipt.

This petition was heard by the probate court and an order made as prayed for, from which order the surviving partner, as administrator, appealed to the circuit court, where on a trial before that court, the account was allowed against the estate in the sum of $500 and interest and costs and ordered certified as an allowance to the probate court. From this the surviving partner, as administrator, appealed.

None of the testimony is preserved, no bill of exceptions having been filed, appellant standing on the record.

It is claimed by the learned counsel for appellant that the demand was in the nature of a joint cause of action against the surviving partner and the widow of Mr. Stein, the deceased partner. It appears from the supplemental statement of respondent that when the cause reached the circuit court, the administrator applied in that court for an order of publication against Mrs. Stein, who was a nonresident of the State. The order was denied, the circuit judge holding that in a

case of this kind, an appeal from the probate court, he had no right to issue such an order. While Mrs. Stein is named in the notice of the intention to file the claim, she was not served with the notice and did not appear. Neither is she named in the petition, nor is any cause of action stated against her. In short she was never in court and her rights were in no manner before the court. This case does not fall within the provision of section 289, Revised Statutes 1909, which grants the right of appeal to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration. Mrs. Stein has not appealed, the administrator as surviving partner alone appealing. Beyond all question the probate court had no jurisdiction whatever over Mrs. Stein, and the petition states no cause of action against her; does not even name her as a party.

The sole contention of learned counsel for appellant is that the judgment, not having disposed of Mrs. Stein, is either irregular or a nullity. That counsel cites several cases which he claims support his proposition. One of these is Pomeroy v. Betts et al., 31 Mo. 419. Even if the decision in this case was in point, which it is not, it has been distinctly overruled on this proposition by the Supreme Court in State ex rel. Ozark County v. Tate, 109 Mo. 265, l. c. 269, 18 S. W. 1088. None of the other cases cited lend any support to the claim of counsel.

There is no merit whatever in this appeal. Its effect has only been to delay the settlement of the partnership administration. Respondent asks for damages. If we could allow damages against the appellant personally, we might do so. As we cannot do that, we must decline to allow them against the estate.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.